In the Matter of the Compensation of
Jim D. Shipley, Claimant.

SHIPLEY,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB TP-84013; CA A34822)

718 P2d 757

Marla McGeorge, Portland, argued the cause for petitioner. On the brief was Allen T. Murphy, Jr., Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., and

Donna Parton Garaventa, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

■ Plaintiff seeks review of a Workers' Compensation Board order which held that his recovery of a judgment against an insurance company, arising out of an earlier judgment against its insured for injuring plaintiff, was subject to a workers' compensation third-party lien under ORS 656.593(1).

Plaintiff's compensable injury occurred in 1978, while he was employed as a jailer. He was moving an unconscious, intoxicated person in the drunk tank when the person opened his eyes and hit the plaintiff in the throat, injuring him. The injury was covered by SAIF. Plaintiff sued the person for negligence, and the jury awarded him $98,000. The person's insurance carrier, St. Paul Fire and Marine, refused payment on the ground that the striking was intentional, not negligent. Plaintiff then filed an action against the insurer on the policy, and a jury awarded him $120,000, the amount of the original judgment plus interest.

Plaintiff's counsel then advised him that the third-party lien statute under which SAIF claimed a right to part of the proceeds applies only to an action for the negligence or intentional wrong of a third person, not to an action on an insurance policy. Plaintiff informed SAIF that he believed that it did not have a lien on the funds. SAIF requested Board review, and the Board held that SAIF has a lien and allocated the proceeds in accordance with the statute.

ORS 656.578 provides, in part:

"If a worker receives a compensable injury due to *the negligence or wrong of a third person* * * * entitling the worker * * * to seek a remedy against such third person, such worker * * * shall elect whether to recover damages from such * * * third person." (Emphasis supplied.)

ORS 656.593 provides, in part:

"(1) If the worker * * * elect[s] to recover damages from the employer or third person * * * the proceeds of any damages recovered * * * by the worker * * * *shall be subject to a lien* of the paying agency for its share of the proceeds as set forth in this section * * *." (Emphasis supplied.)

Plaintiff argues that the lien can only arise out of an action for the "negligence or wrong of a third person" and not out of an

action by the beneficiary of an insurance contract. We disagree.

Plaintiff elected to seek recovery against the third party, and he successfully obtained an award of damages for the negligently inflicted injury. Only because the third party's insurer denied coverage did plaintiff have to initiate an action to recover the amount of the judgment. That action was ancillary to the action against the insured, because, without the judgment against the insured, no cause of action against the insurer could have existed. Plaintiff's ultimate recovery of damages arose out of the negligent conduct of the third party, and the proceeds are properly subject to a lien by SAIF.

■ Plaintiff also argues that the Board did not have jurisdiction to issue an order resolving the conflict over the distribution of the proceeds. SAIF argues that, under ORS 656.593(3),[1] the Board has the authority to resolve any conflict as to what may be a just and proper distribution. That provision only applies to proceeds recovered through a settlement, not a judgment. However, ORS 656.593(1)(d) states that any conflict as to the amount which the paying agency may retain from a damage recovery shall be resolved by the Board. The Board in this case did have authority to distribute the proceeds according to the statutory formula and to resolve any conflicts over the amount the paying agency receives.

■ Plaintiff argues, finally, that he should retain more than one-third of the proceeds for his attorney fees. ORS 656.593(1)(a) states:

> "Costs and attorney fees incurred shall be paid, such attorney fees *in no event to exceed* the advisory schedule of fees established by the board for such actions." (Emphasis supplied.)

The Board established a fee schedule, effective February 1, 1979, that placed a maximum limit on attorney fees, in third-

---

[1] ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

party claims, of 33-1/3 percent of the gross recovery. OAR 438-47-095. Plaintiff's attorney received the maximum allowable award of attorney fees under the rule in effect at the time of recovery.[2] The Board correctly applied the statute in distributing the proceeds.

Affirmed.

---

[2] In *Wattenbarger v. Boise Cascade Corp.*, 301 Or 12, 717 P2d 1175 (1986), the Supreme Court held that the advisory schedule of fees set by the Workers' Compensation Board is not binding on appellate courts. In the statute applicable to this case, the legislature specifically said that "attorney fees [are] in no event to exceed the advisory schedule." ORS 656.593(1)(a).