Argued and submitted September 19, 1989, affirmed January 17, 1990

## In the Matter of the Compensation of
## Dennis J. Harvey, Claimant.

### HARVEY,
*Petitioner,*

*v.*

### LOU SURCAMP LOGGING et al,
*Respondents.*

### (TP-88028; CA A50832)

785 P2d 383

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief were Christopher D. Moore and Malagon, Moore & Johnson, Eugene.

Christopher B. Marks, Portland, argued the cause for respondents. With him on the brief was MacMillan & Scholz, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Claimant seeks review of a Workers' Compensation Board third party order, challenging the Board's method of distributing the proceeds from the settlement of his third party claim. We review for substantial evidence and errors of law and affirm.

Claimant was injured on a third party's premises while performing his work duties. Liberty Northwest Mutual (Liberty), employer's insurer, accepted the claim. It then requested that claimant elect either to pursue his third party action himself or to assign it to Liberty. ORS 656.583. Liberty's election notice, sent to claimant by certified mail in March, 1986, stated:

> "This letter will constitute an *election notice*. You have two alternatives: You may elect to recover damages yourself or you may elect to sign [*sic*] your third party rights to [Liberty]. If you assign your rights to [Liberty], or do not elect at all, you lose all rights and voice in the handling and settlement of this claim. You have 60 days by law to advise us *in writing* as to whether or not you will pursue the third party action yourself." (Emphasis in original.)

Claimant did not respond to the letter. In February, 1987, Liberty sent another letter stating that it assumed that claimant was assigning his third party rights and that Liberty should pursue the action itself. In several later contacts with Liberty, claimant indicated that he did not wish to pursue the action himself. He stated that he had pursued an earlier, similar third party claim himself and had recovered only $500 and that it had been a "big hassle."

Liberty reached a tentative settlement with the third party. It asserted a lien, ORS 656.580, that exceeded the amount of the settlement. Consequently, under ORS 656.591(2), claimant would receive none of the proceeds. The third party refused to execute the settlement agreement without claimant's consent, which claimant withheld. Liberty petitioned the Board for a third party order resolving the dispute pursuant to ORS 656.587.[1]

---

[1] Liberty asserts that the Board had jurisdiction of this dispute under ORS 656.587, which provides, in pertinent part:

"Any compromise by the worker or other beneficiaries or the legal represen-

■    At issue was whether the proceeds should be distributed under ORS 656.591(2) or ORS 656.593(1). Liberty contended that claimant's failure to notify it within 60 days of the election notice, as required by ORS 656.583, operated to assign his third party claim to Liberty as a matter of law and that the proceeds of the settlement of that claim should therefore be distributed under ORS 656.591(2). Claimant contended that the election was invalid, because he did not clearly understand his rights and was fearful that he would lose his medical coverage if he elected to pursue the third party claim himself. Therefore, he argued, the proceeds should be distributed according to ORS 656.593, as if he had pursued the action himself. Under that distribution he would receive one third of the proceeds from the settlement after deduction of costs and attorney fees.

The Board held that claimant had effectively assigned his claim because he did not wish to pursue it himself, that the assignment was valid and that the proceeds should therefore be distributed under ORS 656.591(2). In reaching its conclusion, the Board considered the election form sent to claimant, a statement claimant made to Liberty's claim representative that he did not wish to "mess with" a third party action and several interoffice documents noting similar communications. The only contrary evidence was claimant's affidavit, which the Board found provided only weak support for his argument that he did not understand the implications of an assignment and was fearful of losing medical benefits. The Board's determination is supported by substantial evidence.

Affirmed.

---

tative of the deceased worker of any right or action against an employer or third party is void unless made with the written approval of the paying agency or, in the event of a dispute between the parties, by order of the board."

ORS 656.587 does not confer jurisdiction in this situation, because it applies to a compromise "by the worker or other beneficiaries or the legal representative of the deceased worker." The compromise at issue was negotiated *by* Liberty. The Board did have jurisdiction, however, under ORS 656.704(1), because this dispute involves "matters concerning a claim." *See EBI Companies v. Cooper,* 100 Or App 246, 785 P2d 380 (1990).