Argued and submitted November 22, 1989, motion to dismiss petition for judical review denied; motion for attorney fees denied; reversed and remanded with instructions to dismiss motion August 1, SAIF's reconsideration denied October 17, Wright's reconsideration allowed by opinion November 21, 1990
See 104 Or App 322 (1990)
SAIF's petition for review allowed, Wright's petition for review denied January 3, 1991
(311 Or 60)

In the Matter of the Compensation of
Marvin C. Wright, Claimant.
### SAIF CORPORATION,
*Petitioner,*

*v.*

Marvin C. WRIGHT,
*Respondent.*

(WCB TP-88016; CA A51030)

795 P2d 604

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David C. Force, Eugene, argued the cause for respondent. On the brief were Randy M. Elmer and Vick & Gutzler, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

SAIF moved the Workers' Compensation Board for an

> "order requiring [claimant] and his attorney * * * to distribute to SAIF Corporation the sum of $36,324.24 as its [ORS 656.593] share of the (unapproved) third party settlement made in this matter."

The Board denied the motion on the ground that, because SAIF had denied the underlying claim, it was not the "paying agency" and therefore is not entitled to share in the settlement under ORS 656.593(3). SAIF seeks review of the order. We conclude that the Board had no authority to rule on the motion.

Claimant was injured in an automobile accident with another vehicle on August 27, 1984. For the facts of the injury and claims, see *Bernards v. Wright,* 93 Or App 192, 760 P2d 1388 (1988). He filed claims with four employers, contending that he was injured in the course and scope of employment. Because three of the claims involved non-complying employers, SAIF received and processed those claims. ORS 656.054(1). SAIF denied the claims in June, 1985, on the ground that claimant was not a subject worker of any of the three employers. Sometime in 1985, claimant filed an action against the other driver involved in the accident; on January 20, 1986, that case was settled for $81,960.75. SAIF was not aware of the lawsuit or the settlement and did not consent to the settlement. ORS 656.593(3).

Claimant appealed the denials and the referee upheld them on January 30, 1986. The Board found that claimant was a subject worker, and SAIF began processing the claim on behalf of a non-complying employer. We affirmed the decision. *Bernards v. Wright, supra.* On April 20, 1986, claimant requested that SAIF reimburse him for medical bills that had been paid to the providers from the settlement proceeds. That was the first time that SAIF knew about the lawsuit or the settlement. In response, SAIF filed the motion that is the subject of this review.

At oral argument, claimant moved to dismiss the petition for judicial review on the ground that we do not have jurisdiction, because the Board did not have jurisdiction to

rule on the motion.[1] An order of the Board regarding distribution of a third-party settlement under ORS 656.593(3) is an order on a matter "concerning a claim," and it is therefore reviewable by us under ORS 656.298. *Schlecht v. SAIF*, 60 Or App 449, 653 P2d 1284 (1982). Whether the Board erred in addressing the issue does not affect *our* jurisdiction to review the order.

However, we agree with claimant that the Board did not have authority to rule on SAIF's motion. When a claimant prosecutes a third-party action under ORS 656.578, a paying agency has a lien against the cause of action. ORS 656.580(2). If the claimant settles the tort action, the paying agency or the Board must approve the settlement, ORS 656.587, and the paying agency is entitled to share in the proceeds. ORS 656.593(3).

In the settlement of a third-party action and the distribution of the proceeds, the Board has authority to do only two things. First, it may order written approval of the settlement by the paying agency, if there is a dispute between the parties regarding it. ORS 656.587. Second, if the settlement is approved,

> "the paying agency is authorized to accept such a share of the proceeds as may be just and proper * * *. Any conflict as to what may be a just and proper distribution shall be resolved by the board." ORS 656.593(3).

SAIF argues that the Board has authority to rule on its motion under ORS 656.593(3), because the motion sought a just and proper distribution of a settlement. There appeared to be no disagreement as to the amount to which SAIF would be entitled if it had approved the settlement. The issues raised by SAIF's motion were, *inter alia,* whether the settlement of the case in the circuit court was void under ORS 656.587; whether SAIF could reach proceeds of the settlement after they had been distributed to medical providers, claimant's attorney and claimant; and whether either SAIF or claimant was estopped to assert the position that they did. Whatever tribunal might have authority to adjudicate the issues leading to a final resolution of the dispute, it is not the Board. *See*

---

[1] Claimant subsequently filed a written motion to dismiss the petition for judicial review.

*SAIF v. Cowart,* 65 Or App 733, 672 P2d 389 (1983). The Board's authority in matters concerning settlement of third-party actions is defined by statute. The statutes do not give it authority to rule on SAIF's motion. It should have dismissed the motion.[2]

Motion to dismiss petition for judicial review denied; motion for attorney fees denied; reversed and remanded with instructions to dismiss motion.

---

[2] Claimant moved for an award of attorney fees on review pursuant to ORS 656.390. The motion is denied.