On respondent's petition for reconsideration filed October 4, reconsideration allowed, decision (102 Or App 598, 795 P2d 604) modified to designate claimant as prevailing party; affirmed as modified November 21, 1990

In the Matter of the Compensation of
Marvin C. Wright, Claimant.

SAIF CORPORATION,
*Petitioner,*

*v.*

Marvin C. WRIGHT,
*Respondent.*

(WCB TP-88016; CA A51030)

801 P2d 848

David C. Force and Vick & Gutzler, Salem, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Claimant petitions for review of our decision, 102 Or App 598, 795 P2d 604 (1990), and we treat the matter as a petition for reconsideration. ORAP 9.15. Claimant seeks reconsideration of our designation of SAIF as the prevailing party and our order denying his petition for attorney fees pursuant to ORS 656.390. We allow reconsideration and modify our opinion to designate claimant as the prevailing party. We deny reconsideration of claimant's petition for attorney fees.

We concluded that the Board did not have authority to rule on SAIF's motion, reversed its decision and remanded with instructions to dismiss SAIF's motion. Because the Board's decision was reversed and the case remanded, we designated SAIF as the prevailing party. However, the Board had denied SAIF the relief that it sought, and we concurred in that denial but for a different reason. Consequently, the opinion is modified to delete its last sentence (but not note 2), and the disposition is changed to read:

"Motion to dismiss petition for judicial review denied; motion for attorney fees denied; affirmed."

Claimant is designated as the prevailing party, and costs are allowed to him, payable by SAIF.

Reconsideration allowed; decision modified to designate claimant as prevailing party; affirmed as modified.