Argued and submitted December 7, 1990, reversed on petitions and on cross-petition July 3, reconsideration denied September 25, petition for review allowed December 17, 1991 (312 Or 527)

In the Matter of the Compensation of
Charlene Toole, Claimant.

Charlene TOOLE,
by and through
the Professional Liability Fund,
*Petitioner,*

*v.*

EBI COMPANIES,
*Respondent.*

(WCB No. TP-89003; CA A62038 (Control))

In the Matter of the Compensation of
Victor S. Lloyd, Claimant.

Victor S. LLOYD,
by and through
the Professional Liability Fund,
*Petitioner - Cross-Respondent,*

*v.*

PORT OF PORTLAND,
*Respondent - Cross-Petitioner.*

(WCB No. TP-89022; CA A62117)

In the Matter of the Compensation of
Roger L. Shephard, Claimant.

Roger L. SHEPHARD,
by and through
the Professional Liability Fund,
*Petitioner,*

*v.*

EBI COMPANIES,
*Respondent.*

(WCB No. TP-89010; CA A62386)
(Cases Consolidated)

815 P2d 216

Frank Moscato, Portland, argued the cause for petitioners and cross-respondent. With him on the briefs were Deborah L. Sather and Cooney, Moscato & Crew, P.C., Portland.

Ridgway K. Foley, Portland, argued the cause for respondents and cross-petitioner. With him on the brief were M. Elizabeth Duncan and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In these consolidated cases, claimants had sustained compensable injuries and received workers' compensation benefits. Each claimant pursued a separate personal injury claim against a third party who was alleged to have negligently caused the compensable injury. ORS 656.154; ORS 656.578.[1] In each case, claimant lost the third party claim or received only a partial recovery. Claimants then asserted claims against their attorneys, alleging that the attorneys' negligence prevented appropriate recoveries on their third party claims. Those malpractice claims were settled without an admission of liability, and a payment was made to each claimant by the Oregon State Bar Professional Liability Fund (PLF).

After the malpractice settlements, EBI Companies and Port of Portland (insurers), who are the paying agents under the third party recovery statutes,[2] filed petitions with the Workers' Compensation Board, asserting liens against the settlement proceeds under ORS 656.580[3] in each case and requesting to be paid a share of the proceeds or that each

---

[1] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."

ORS 656.578 provides, in part:

"If a worker of a noncomplying employer receives a compensable injury in the course of employment, or if a worker receives a compensable injury due to the negligence or wrong of a third person * * *, entitling the worker under ORS 656.154 to seek a remedy against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person."

[2] ORS 656.576 provides:

"As used in ORS 656.578 to 656.595 [the third party recovery statutes], 'paying agency' means the self-insured employer or insurer paying benefits to the worker or beneficiaries."

[3] ORS 656.580 provides, in part:

"(1) The worker * * * shall be paid the benefits provided by ORS 656.001 to 656.794 in the same manner and to the same extent as if no right of action existed against the * * * third party, until damages are recovered from such * * * third party.

"(2) The paying agency has a lien against the cause of action as provided by ORS 656.591 or 656.593, which lien shall be preferred to all claims except the cost of recovering such damages."

settlement be declared void for lack of the paying agent's written approval.[4] On behalf of each claimant, PLF contested the Board's jurisdiction to rule on the petitions. The Board's order in each case held: (1) It had jurisdiction to decide a dispute over the distribution of the settlement proceeds; (2) the paying agent's lien attached to the settlement proceeds; and (3) each settlement was void for lack of the paying agent's approval. PLF seeks reversal of the Board's decision that it has jurisdiction to decide this issue or, in the alternative, reversal of the decision that a paying agent's lien can attach to a legal malpractice action recovery.

■ PLF argues that, under the third party recovery statutes, the Board had no jurisdiction over the settlement proceeds. It contends that the statutes expressly limit the Board's jurisdiction only to distribution of settlements between an injured worker and a third party who caused the compensable injury. *See* ORS 656.154; ORS 656.578; ORS 656.580; ORS 656.583; ORS 656.587; ORS 656.591. After oral argument in this court, PLF filed a memorandum citing *SAIF v. Wright,* 102 Or App 598, 795 P2d 604, *mod* 104 Or App 322, 801 P2d 848 (1990), *rev allowed* 311 Or 60 (1991), for the proposition that the Board does not have authority either to rule on insurers' petitions for distribution or to declare the settlements between claimants and PLF's insureds void.

---

[4] ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker * * * shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

ORS 656.587 provides, in part:

"Any compromise by the worker * * * of any right of action against an employer or third party is void unless made with the written approval of the paying agency or, in the event of a dispute between the parties, by order of the board."

Only the Port of Portland (Port) requested the Board to declare the settlement between claimant and PLF void under ORS 656.587. An agreement between claimant Lloyd and Port, and its effect on Lloyd's settlement with PLF, are the focus of Port's cross-petition, discussed *infra.* EBI's petitions requested that the Board hold that it has liens on the malpractice proceeds under ORS 656.580(2) and ORS 656.593(3) and that the Board direct disbursement to it of the just and proper shares of the proceeds.

Insurers argue that, according to case law, the Board has jurisdiction over all third party lien disputes. They rely on *EBI Companies v. Cooper,* 100 Or App 246, 249, 785 P2d 380 (1990); *Harvey v. Lou Surcamp Logging,* 100 Or App 227, 229 n 1, 785 P2d 383 (1990); and *Shipley v. SAIF,* 79 Or App 149, 152, 718 P2d 757, *rev den* 301 Or 338 (1986).

PLF misconstrues *Wright.* In that case, SAIF had denied a claim on the ground that the claimant was not a "subject worker" of any of three non-complying employers. The claimant appealed to the Board. While awaiting the Board's decision, the claimant and the third party that had caused the compensable injury[5] settled their case. The Board decided that the claimant was a "subject worker" of one of the employers, and SAIF began processing the claim. SAIF learned of the settlement only after the settlement proceeds had already been distributed to the claimant and his creditors. SAIF nonetheless moved the Board for an

> "order requiring [claimant] and his attorney * * * to distribute to SAIF Corporation the sum of $36,324.24 as its [ORS 656.593] share of the (unapproved) third party settlement made in this matter." 102 Or App at 600.

The Board denied SAIF"s motion on the ground that SAIF was not the "paying agency" when the claimant settled his third party action. On review, we held that, although the Board had jurisdiction over SAIF's motion, it did not have the authority to grant the specific relief sought.[6] We said that, whatever tribunal might have authority to adjudicate the issues necessary for final resolution of a paying agent's claim in such circumstances, it is not the Workers' Compensation Board. 102 Or App at 601.

---

[5] ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means."

[6] In *Wright,* we concluded that, under the applicable statutes concerning settlement of third party actions, the Board has authority to do only two things: (1) order written approval of the settlement by the paying agency, if there is a dispute about the terms of the settlement, pursuant to ORS 656.587; and (2) once the settlement is approved, resolve any conflicts as to what is a just and proper distribution, pursuant to ORS 656.593(3). 102 Or App at 601. Those issues are not before us in this case.

This case is factually different from *Wright,* and the issues are different. The applicability of the distribution statutes is disputed, because the proceeds are due to attorney malpractice, rather than to infliction of physical injury. The question is: Does the Board have the authority to decide whether the proceeds of a settlement of a particular *type* of claim are distributable under the Workers' Compensation Law?

Numerous cases have acknowledged, or presumed, that the Board had the authority to decide various questions relating to proceeds sought to be distributed. In *Allen v. American Hardwoods,* 102 Or App 562, 795 P2d 592, *rev den* 310 Or 547 (1990), an Oregon workers' compensation insurer sought distribution of settlement proceeds obtained from a Michigan company by a deceased worker's beneficiary and an injured worker; both of whom were Oregon residents. Michigan law did not allow reimbursement to a workers' compensation insurer if only noneconomic loss had been recovered, which was true of both settlements involved. The Oregon insurer petitioned the Board for an order declaring its lien against the Michigan settlement proceeds valid. We agreed with the Board's choice of law analysis and affirmed its conclusion that Oregon law governs the validity of an Oregon insurer's liens on another state's third party settlement.

In *Shipley v. SAIF, supra,* the claimant sought review of a Board order that held that his recovery from a third party's insurance company, arising out of an earlier judgment against the company's insured for injuring the plaintiff, was subject to a lien under ORS 656.593(1). We upheld the Board without discussing its authority to decide the issue. In *EBI Companies v. Cooper, supra,* we decided that the Board had the authority to decide whether the claimant's election to assign his third party claim to the compensation carrier was obtained fraudulently and whether it could redistribute the proceeds of a settlement negotiated by the insurer:

> "ORS 656.591 gives the Board jurisdiction over the parties and the subject matter of an election by a worker to assign his third party claim to a paying agency. The Board's authority to order rescission of an election fraudulently obtained flows from the exercise of that jurisdiction, because an election that was induced by fraud is, in fact, no election." 100 Or App at 249.

The Board has also decided, without objection, whether an insurer is entitled to a share of a third party settlement, *Robertson v. Davcol, Inc.,* 99 Or App 542, 783 P2d 43 (1989), and to what parties it may distribute proceeds. *SAIF v. Cowart,* 65 Or App 733, 738, 672 P2d 389 (1983).[7]

We are persuaded by the logic of *EBI Companies v. Cooper, supra:* The Board has jurisdiction to resolve disputes between a claimant and a paying agent "as to what may be a just and proper distribution" of the proceeds from settlement of "any third party case," ORS 656.593(3); therefore, it has the authority to determine whether a particular agreement constitutes the settlement of a "third party case" under the act.[8]

■　　The next question is whether the Board correctly concluded that the legal malpractice claims are "third party cases," so that insurers' liens would attach to the settlement proceeds. PLF argues that the plain and unambiguous language of the third party recovery statutes expressly limits a paying agent's lien to proceeds arising out of a claim against a third party *who caused a worker's compensable injury.* Insurers argue that this court's holding in *Shipley v. SAIF, supra,* rejected PLF's proposition that a paying agent's lien can only arise out of an action for the "negligence or wrong of a third person" who caused the compensable injury. They rely on this language in *Shipley:*

> "Plaintiff elected to seek recovery against the third party, and he successfully obtained an award of damages for the negligently inflicted injury. Only because the third party's insurer denied coverage did plaintiff have to initiate an action to recover the amount of the judgment. *That action was ancillary to the action against the insured, because, without the judgment against the insured, no cause of action against the insurer could have existed. Plaintiff's ultimate recovery of the damages arose out of the negligent conduct of*

---

[7] We have held that the Board has no authority to modify third party action settlement agreements. *See SAIF v. Cowart, supra,* 65 Or App at 738; *see also Estate of Troy Vance v. Williams,* 84 Or App 616, 734 P2d 1372 (1987).

[8] "As a matter of common law, a court having jurisdiction to decide a question ordinarily refrains from doing so until the question has first been decided by the specialized agency that has jurisdiction to decide it, but the court may still decide the question in reviewing the agency's decision." 4 Davis, *Administrative Law Treatise* 119, § 22:11 (2d ed 1983).

*the third party,* and the proceeds are properly subject to a lien by SAIF." 79 Or App at 152. (Emphasis insurers'.)

On the basis of that language, insurers draw these conclusions: (1) Like the action against the third party's insurance carrier in *Shipley,* the malpractice actions here were *ancillary* to the third party actions because, without the claims against the third parties, no causes of action against the attorneys could exist; and (2) it is not critical that a judgment or a settlement be obtained in a third party action before the *ancillary* action is initiated. They also contend that, because they would have had liens on any recoveries had the third party actions for bodily injuries been properly prosecuted, the same policy considerations should apply to allow a lien to attach to proceeds of *any* ancillary action necessary for the full vindication of a claimant's third party claim.

PLF argues that a legal malpractice action is, by definition, not ancillary to the original cause of action.[9] It also maintains that, in *Shipley,* the paying agent's lien was held to attach to the judgment against the insurance carrier because that judgment was the means of collecting the bodily injury damages owed to the claimant by the third party who caused the compensable injury.

The purposes of the third party recovery statutes are to allocate *"whatever* the claimant recovers between him and the paying agency and to provide reimbursement to those responsible for statutory compensation of injured workers when damages or settlements are obtained against the persons whose acts caused the injuries." *Schlecht v. SAIF,* 60 Or App 449, 456, 653 P2d 1284 (1982). (Emphasis in original.) Third party liability includes, not only original tortfeasors, but also persons whose negligence worsens compensable injuries. *See Wimer v. Miller,* 235 Or 25, 383 P2d 1005 (1963); *SAIF v. Meredith,* 104 Or App 570, 802 P2d 95 (1990). However, a compensable injury is the foundation of the concept of a lien on third party recoveries. Legal malpractice

---

[9] PLF suggests that an "ancillary" action is:

"one growing out of and auxilary to another action or suit, * * * such as a bill for discovery, or a proceeding for the enforcement of a judgment, or to set aside fraudulent transfers of property. *Black's Law Dictionary,* 112 (4th ed. 1968)."

results in harm distinct from any type of *injury* that conceivably could be compensable under the workers' compensation law. Even if the measure of damages is the recovery that was likely in the original action but for the malpractice, the recovery is compensation for harm caused by attorney negligence, not for a compensable injury.

*Shipley v. SAIF, supra,* is not dispositive here. The claimant there filed an action to enforce the judgment against the carrier's insured by proving that the carrier's policy covered the insured's liability to the claimant for bodily injury. That action was truly ancillary to the original negligence claim. Insurers' idea here that, under the third party recovery statutes, no judgment, settlement or right thereto needs to exist against a third party in order for an "ancillary" action to be initiated is not correct.

A paying agent's lien under ORS 656.580(2) and its right to a just and proper distribution under ORS 656.593(3) only apply to recovery from a third party. Within the meaning of ORS 656.154 and ORS 656.578, a third party is a person who could be held liable for causing a compensable injury to a worker. An attorney who incurs liability by negligently representing a worker is not a "third party." Therefore, a recovery for legal malpractice is not subject to a claim by a paying agent. The Board erred in concluding otherwise.

Because the attorneys who settled the malpractice claims against them were not "third parties," we do not reach the question of whether the Board may decide that a third party settlement is void under ORS 656.587.

■ Port, the self-insured employer of Lloyd (A62117), cross-petitions for review of the Board's order holding that the amount of its lien is $4,000, plus future expenses. It argues that the Board erred, as a matter of law, in construing its settlement agreement to be that claimant promised to dismiss his appeal if Port reduced its lien on the third party claim to $4,000, plus future expenses. It argues that claimant promised more than dismissal of his petition. It contends that he also promised to pay Port's lien from the malpractice proceeds and to allow Port to participate in settlement negotiations with PLF.

The Board might have had the authority to interpret the agreement between Port and claimant *if* Port's lien had attached to the legal malpractice claim; however, as a matter of law, Port's lien did not attach to it. Furthermore, interpretation of the agreement between Port and claimant is not a "matter concerning a claim." ORS 656.704. Therefore, the Board had no authority in the matter, and we reverse the order.

Reversed on petitions and on cross-petition.