Argued and submitted March 2, the decision of the Court of Appeals affirmed in part and reversed in part, and orders of the Workers' Compensation Board affirmed in part and vacated in part August 20, 1992

In the Matter of the Compensation of
Charlene Toole, Claimant.

Charlene TOOLE,
by and through the
Professional Liability Fund,
*Respondent on Review,*

*v.*

EBI COMPANIES,
*Petitioner on Review.*

(WCB TP-89003; CA A62038 (Control))

In the Matter of the Compensation of
Victor S. Lloyd, Claimant.

Victor S. LLOYD,
by and through the
Professional Liability Fund,
*Respondent on Review,*

*v.*

PORT OF PORTLAND,
*Petitioner on Review.*

(WCB TP-89022; CA A62117)

In the Matter of the Compensation of
Roger L. Shephard, Claimant.

Roger L. SHEPHARD,
by and through the
Professional Liability Fund,
*Respondent on Review,*

*v.*

EBI COMPANIES,
*Petitioner on Review.*

(WCB TP-89010; CA A62386)
(SC S38434)
(Cases Consolidated)

838 P2d 60

Ridgway K. Foley, Jr., P.C., of Schwabe, Williamson & Wyatt, Portland, argued the cause for petitioners on review. With him on the petition was M. Elizabeth Duncan.

Deborah L. Sather, of Cooney, Moscato & Crew, P.C., Portland, argued the cause for respondents on review and filed the response to the petition.

PETERSON, J.

## PETERSON, J.

The question in these three consolidated workers' compensation cases is whether the statutory lien of an insurer or self-insured employer on the proceeds of an injured worker's recovery against a negligent third party extends to the proceeds of a malpractice action against an attorney based on the attorney's mishandling of the worker's third-party negligence action. We hold that it does.

■ Because our conclusion turns on statutory provisions concerning the lien and third-party actions, we begin with a discussion of the relevant statutes. ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker * * * may elect to seek a remedy against such third person."

A worker who is entitled to seek a remedy against a third person under ORS 656.154 shall elect whether to proceed against the third person for damages. ORS 656.578.[1] Each of the three claimants in the present cases elected to proceed with a third-party action for damages.[2]

ORS 656.580(2) grants a lien to the paying agency:

"The paying agency has a lien against the cause of action as provided by ORS 656.591 or 656.593, which lien shall be

---

[1] ORS 656.578 provides in part:

"If * * * a worker receives a compensable injury due to the negligence or wrong of a third person (other than those exempt from liability under ORS 656.018), entitling the worker to seek a remedy against such third person, such worker * * * shall elect whether to recover damages from such * * * third person."

ORS 656.583(1) sets forth the election procedure:

"The paying agency [the self-insured employer or insurer paying benefits to the worker] may require the worker * * * to exercise the right of election provided in ORS 656.578 by serving a written demand by registered or certified mail or by personal service upon such worker * * *."

[2] Had any of the workers elected to proceed but failed to institute an action against the allegedly responsible third party within 90 days from making the election, the worker's cause of action would have been deemed to have been assigned to the paying agency. ORS 656.583(2). Likewise, an election not to proceed against the third party would have operated as an assignment by the worker of the cause of action to the paying agency. ORS 656.591(1). In either situation, the paying agency could bring an action in the name of the injured worker against the allegedly responsible third party. *Ibid.* The distribution of the proceeds of such an action is governed by ORS 656.591(2).

preferred to all claims except the cost of recovering such damages."

The "paying agency" is "the self-insured employer or insurer paying benefits to the worker." ORS 656.576. ORS 656.593 sets forth the procedures applicable to third-party actions brought by injured workers:

"(1)   If the worker * * * elect[s] to recover damages from the * * * third person, notice of such election shall be given by the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any damages recovered from * * * [a] third person by the worker * * * shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

"(a)   Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

"(b)   The worker * * * shall receive at least 33-1/3 per-cent of the balance of such recovery.

"(c)   The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under this chapter. * * *

"(d)   The balance of the recovery shall be paid to the worker * * * forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2)   The amount retained by the worker * * * shall be in addition to the compensation of other benefits to which such worker [is] entitled under this chapter.

"(3)   A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker shall receive the

amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

Settlements made without approval are void. ORS 656.587 provides:

"Any compromise by the worker * * * of any right of action against [a] * * * third party is void unless made with the written approval of the paying agency or, in the event of a dispute between the parties, by order of the board."

In the present cases, claimants Toole, Lloyd and Shephard each suffered an employment-related injury. Each claimant's third-party action was either partially or wholly unsuccessful, and each claimant thereafter brought a negligence claim against the attorney who had handled the third-party action. The Professional Liability Fund (PLF) undertook the defense of the attorneys who were accused of malpractice. Although the paying agencies had notified the PLF, claimants, and claimants' new attorneys of their contention that they had enforceable liens on the proceeds of the malpractice actions, the PLF and claimants compromised and settled the claims without the participation or approval of the paying agencies or resolution of any conflict by the Workers' Compensation Board (Board).[3]

The paying agencies then petitioned the Board for relief, asserting the validity of their liens and requesting either a share of the proceeds of the malpractice settlements or a declaration that the settlements were void for lack of the paying agencies' written approval. The PLF asserted that the Board lacked jurisdiction over the paying agencies' petitions for relief, because the malpractice settlement proceeds were not subject to statutory liens. The Board concluded that it had jurisdiction over the petitions, that the paying agencies' liens extended to the malpractice settlements, and that the settlements were void for lack of the paying agencies' written approval.

---

[3] As part of the malpractice settlements, the PLF agreed to defend, indemnify, and hold claimants harmless from any claim or action by the paying agencies based on the assertion of a lien on the settlement proceeds.

Claimants' petitions for judicial review were consolidated by order of the Court of Appeals. That court upheld the Board's jurisdiction over the paying agencies' petitions for relief, but concluded on the merits that their liens did not extend to the proceeds of the malpractice settlements. *Toole v. EBI Companies*, 108 Or App 57, 64, 66, 815 P2d 216 (1991). The Court of Appeals held that the allegedly negligent attorneys were not "third parties" for purposes of ORS 656.154 and 656.578, because they could not be held liable for causing compensable injuries — *i.e.*, employment-related accidental injuries, ORS 656.005(7)(a) — to claimants. *Id.* at 66.

The paying agencies petitioned for review, seeking reversal of the Court of Appeals' decision and reinstatement of the Board's orders declaring the settlements void. We allowed review and now reverse the decision of the Court of Appeals insofar as it concluded that the liens did not extend to the malpractice settlements.

■      The first issue that we address is whether the Board had jurisdiction over the paying agencies' petitions for relief. In *SAIF v. Wright*, 312 Or 132, 137-38, 817 P2d 1317 (1991), this court held that the Board had authority to determine whether an insurance carrier was a "paying agency" under ORS 656.593(3), saying:

> "Finally, we note that the Board is the most appropriate tribunal to determine what a 'paying agency' is in the first instance. The legislature designed the workers' compensation law as an integrated body of statutes, with the Board generally charged with matters relating to the adjudication of claims." (Footnote omitted.)

For the same reason, the Board is the appropriate tribunal to determine whether the attorneys against whom the claims were made are "third parties" under the statutory scheme described above.

ORS 656.587 authorizes the Board to approve a compromise of a claimant's third-party action where there is a dispute between the parties. ORS 656.593(3) provides that the Board shall resolve any conflict between a claimant and a paying agency concerning the "just and proper distribution" of settlement proceeds from the claimant's third-party action. A necessary prerequisite to resolving such conflicts is

the authority to determine whether the settlement at issue is one that requires the approval of the paying agency or the Board or is subject to the Board's power to decide the distribution of proceeds.

Under the statutory scheme, the Board is the appropriate tribunal to decide whether the settlements here were or were not settlements of a third-party claim. We therefore agree with the Court of Appeals that the Board had jurisdiction to resolve whether the claims against the attorneys are third-party claims, whether the malpractice settlements were void for lack of approval by the paying agencies or the Board, ORS 656.587, and whether the paying agencies were entitled to a "just and proper" share of the settlement proceeds. ORS 656.593(3).

Having determined that the Board had jurisdiction to decide the issue presented to it, we now turn to whether it decided that issue correctly. The PLF asserts that the statutes creating the lien, ORS 656.580(2) and 656.593(1), are, by their terms, limited to the proceeds of an action against or settlement with a third person who is alleged to be directly responsible for a claimant's compensable injuries. The Court of Appeals agreed, saying that

> "a compensable injury is the foundation of the concept of a lien on third party recoveries. Legal malpractice results in harm distinct from any type of *injury* that conceivably could be compensable under the workers' compensation law. Even if the measure of damages is the recovery that was likely in the original action but for the malpractice, the recovery is compensation for harm caused by attorney negligence, not for a compensable injury." *Toole v. EBI Companies, supra,* 108 Or at 65-66.

We disagree. When each of the claimants was injured, two potential claims came into being. One was a claim for workers' compensation benefits under ORS chapter 656. The second was a third-party claim for damages that, under ORS 656.154 and 656.576 to 656.595, could have been brought either by the claimant (if he or she elected to do so) or by the paying agency in the claimant's name. When the third-party claim was lost or impaired due to the negligence of that claimant's attorney, a new cause of action arose, a claim against the negligent attorney.

Like many attorney malpractice actions, that claim involved a "case within a case." To recover damages from the attorney, the claimant would have to establish, first, fault by the attorney that caused damage to the claimant-client and, second, damages sustained as a result of that fault. The second element, the damages element, includes the "case within a case," because, to recover damages, the claimant would be required to establish the cause of action that was lost or impaired due to the attorney's neglect. *See Chocktoot v. Smith*, 280 Or 567, 570, 571 P2d 1255 (1977) ("The jury in the malpractice case is called upon, in effect, to decide what the outcome for plaintiff would have been in the earlier case if it had been properly tried, a process that has been described as a 'suit within a suit.' "). In these cases, the claim lost or impaired was the cause of action against the third party.

The expiration of each third-party claim due to the attorney's neglect gave rise to a malpractice claim. Each malpractice claim was derived wholly from the third-party claim. The damages recoverable in each malpractice action would be the damages that the claimant would have recovered in the original third-party action but for his or her attorney's negligence.

The analysis of a Court of Appeals decision, *Shipley v. SAIF*, 79 Or App 149, 718 P2d 757, *rev den* 301 Or 338 (1986), is relevant and persuasive. In *Shipley*, the injured worker pursued a claim against a responsible third party and obtained a judgment for $98,000. 79 Or App at 151. The third party's liability insurer denied coverage. The injured worker then brought an action against the insurer and obtained a judgment against it for $120,000, the amount of its original judgment, plus interest. *Ibid.* The Court of Appeals affirmed an order of the Board upholding the application of the paying agency's lien to the injured worker's recovery from the insurer, stating:

"Plaintiff elected to seek recovery against the third party, and he successfully obtained an award of damages for the negligently inflicted injury. Only because the third party's insurer denied coverage did plaintiff have to initiate an action to recover the amount of the judgment. That action was ancillary to the action against the insured, because, without the judgment against the insured, no cause of action against the insurer could have existed. Plaintiff's ultimate

recovery of damages arose out of the negligent conduct of the third party, and the proceeds are properly subject to a lien by SAIF.'' *Id.* at 152.

Although the present case is different from *Shipley*, the differences are not significant. With appropriate substitutions, the Court of Appeals' reasoning in *Shipley* is apropos here:

"Only because [of his or her attorney's negligence] did [each claimant] have to initiate an action [against the attorney]. That action was ancillary to the action against the [third party], because, without the [third party's having caused the claimant's compensable injury], no cause of action against the [attorney] could have existed. [Each claimant's] ultimate recovery of damages arose out of the negligent conduct of the third party, and the proceeds are properly subject to a lien by [the paying agency for that claimant]." *Ibid.*

■ Claimants' *ultimate* recoveries here were compensation for the injuries allegedly caused by the third parties against whom they initially brought actions. Unless claimants could establish that they would have recovered damages for the injuries in their third-party actions, their claims for malpractice would have failed.[4] The malpractice actions at issue here are, like the direct action against the insurer in *Shipley*, wholly derivative of the original actions against the primarily responsible third parties.

By its terms, ORS 656.580(2) creates a lien in the "cause of action" against the third person who injured the worker. Granted, the statutes, by their terms, do not appear to extend the lien to the cause of action against the attorney. Nevertheless, it is clear that the legislative policy can be vindicated only if the paying agency has a lien in the third-party recovery.

In *Johnson v. Star Machinery Co.*, 270 Or 694, 704, 530 P2d 53 (1974), this court noted the pre-eminence of legislative intent in construing statutes:

---

[4] It is irrelevant that the malpractice claims were settled without any admission of liability. Compromise and settlement are part of the litigation process. Whether or not a third party admits liability for a claimant's injury, the paying agency has a right to participate in the settlement and share in the proceeds. ORS 656.587 and 656.593(3). Likewise, the proceeds from these malpractice settlements represent compensation for the injuries suffered by claimants and for which the paying agencies have paid benefits.

> "Hence, if the literal import of the words is so at variance with the apparent policy of the legislation as a whole as to bring about an unreasonable result, the literal interpretation must give way and the court must look beyond the words of the act."

The court went on to conclude:

> "[A] thing may not be within the letter of the statute and yet be within the intention of its makers. As stated earlier, it is the legislative intent which controls. When such intent is manifest the courts must give it effect, even though to do so does violation to the literal meaning of its words." *Id.* at 706.

This is such a case.

■ ■ Because the claim against the attorney is derived from the claim against the third party, because the recoverable damages are the damages that the claimant would have recovered from the third party, and because of the clear legislative history, we conclude that an action for attorney malpractice based on the attorney's negligent failure to recover compensation for an injured worker directly from a responsible third party is a third-party action under ORS 656.593 to which a paying agency's lien extends. ORS 656.580(2). Because the malpractice actions were third-party actions and the settlements were not executed with the approval of the paying agency or by order of the Board, ORS 656.587 requires that the settlements be declared void. The Board acted properly in declaring the malpractice settlements void.

■ The Port of Portland (the paying agency for claimant Lloyd) and the PLF also dispute the amount of the Port of Portland's lien. The Board decided that dispute. The Court of Appeals held that that dispute was beyond the Board's jurisdiction. The Board's correct conclusion that claimant Lloyd's malpractice settlement was void rendered moot any question about the extent of the Port of Portland's lien as applied to that void settlement. The Board, therefore, should not have determined what might be a just and proper distribution of a void settlement, and that part of its order is vacated.

The decision of the Court of Appeals is affirmed in part and reversed in part. The orders of the Workers' Compensation Board with respect to claimants Toole and

Shephard are affirmed. The order of the Workers' Compensation Board with respect to claimant Lloyd is affirmed in part and vacated in part.