Argued and submitted October 8, 1993, affirmed January 26, 1994

In the Matter of the Compensation of
Robert Aagesen, Claimant.

Robert AAGESEN,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(TP-92011; CA A77727)

868 P2d 2

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy.

Michael O. Whitty, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

In this third-party distribution case, claimant seeks review of an order of the Workers' Compensation Board holding that SAIF is entitled to a share of the settlement in claimant's legal malpractice claim. We affirm the Board.

Claimant was compensably injured and received benefits from SAIF. He pursued a third-party action against a negligent third party and settled that action for $50,000, with SAIF's approval. SAIF received a portion of the settlement under ORS 656.593. Claimant then brought a legal malpractice claim against the attorney who had represented him in the third-party case. The Professional Liability Fund (PLF) settled that case for $75,000. SAIF sought further recovery out of the proceeds of that settlement. Claimant, the attorney who had been the defendant in the malpractice action and the PLF disputed SAIF's entitlement to a share of the proceeds. Because of that dispute, on October 23, 1990, the parties signed a "release and waiver of lien agreement" in which, in exchange for the $75,000 settlement amount, claimant agreed to release the PLF and the defendant-attorney from all claims. That document also stated:

> "SAIF Corporation and [claimant], by separate agreement, agree to hold a mutually satisfactory amount of the settlement funds under this agreement in trust until the funds are disbursed by court order or until such time as SAIF Corporation and [claimant] mutually agree to the disbursement of the funds from trust."

In fact, a letter from claimant's attorney to SAIF's counsel on October 15, 1990, shows that SAIF and claimant had already agreed that claimant's attorney would hold a portion of the settlement proceeds in trust "pending resolution with SAIF or a determination by the courts as to whether SAIF has a lien."

In July, 1991, we issued our decision in *Toole v. EBI Companies*, 108 Or App 57, 815 P2d 216 (1991), in which we held that a paying agency's lien does not extend to legal malpractice recovery. Immediately following our decision, claimant's counsel wrote a letter to SAIF's counsel:

> "You will recall that I have been holding the sum of $32,864.13 in trust from the settlement that [claimant]

made with the Professional Liability Fund, regarding a legal malpractice settlement involving the handling of the third-party case. The monies have been held pending the decision from the Court of Appeals as to whether or not a paying agency's lien attaches to the proceeds of a legal malpractice settlement.

"In light of the court's decision in *Toole v. EBI Companies*, 108 Or App 57 (1991), please confirm that SAIF does not have a lien in this case and that I may disburse the monies that are being held in trust."

A petition for review was filed in *Toole*. We denied reconsideration of *Toole* on September 25, 1991. On October 29, 1991, SAIF's counsel wrote to claimant's counsel:

"In the absence of Mr. Thurber, I have assumed the responsibility for the above matter.

"Please advise of the status of the funds in your trust account dealing with the above claimant."

Claimant's counsel responded the next day:

"Pursuant to the prior agreement with SAIF, the sum of $32,864.13 continues to be held in trust, along with accrued interest, pending outcome in *Toole v. EBI Companies*."

On December 17, 1991, the Supreme Court allowed review of our decision in *Toole*. 312 Or 527. On August 17, 1992, SAIF's counsel wrote to claimant's counsel:

"Please accept my apology for not reviewing this file sooner. Unfortunately, somewhere in the transfer of the files to me I simply overlooked its existence.

"The decision of *Toole v. EBI Companies*, 108 Or App 57 (1991) clearly establishes that SAIF has no lien against the proceeds of the settlement effected in the above matter.

"You are authorized to disburse the sum of $32,864.13 held in your trust account in accordance with our previous correspondence.

"I would appreciate written confirmation from you that disbursement has been made. I will then close our file."

On August 20, 1992, the Supreme Court issued its opinion in *Toole*, 314 Or 102, 838 P2d 60 (1992), reversing our decision and holding that the paying agency's lien *does* extend to legal malpractice recoveries. Apparently unaware of

that decision, claimant's counsel wrote a letter to SAIF on August 21, 1992:

"Thank you for your letter of August 17, 1992, authorizing me to disburse the monies that I have been holding in trust ($32,864.13 plus accrued interest) to claimant, less attorney fees. Your letter states that SAIF concedes that it does not have a lien on these monies, and I am authorized to disburse the monies to Mr. Aagesen. I am hereby doing that. If I am incorrect in my reading of your letter, please let me know immediately."

On August 27, 1992, SAIF retracted its release of the trust funds, notifying claimant that SAIF's counsel had been misinformed of the status of *Toole*, and that the release had been issued in error.

The question on review is whether the Board erred in holding that, despite its release of the funds, SAIF may share in the proceeds of the PLF settlement. SAIF argues that the Board correctly held that it should not be held to its release of the funds, which it contends took place in error. Claimant contends that the release took place by the parties' "mutual agreement," as evidenced by SAIF's counsel's August 17, 1992, letter authorizing disbursement of those funds, and claimant's counsel's letter of August 21 acknowledging the release.

The Board found that a review of the relevant correspondence reveals that, initially, the parties intended that the funds would remain in the trust account "until such time as the funds are disbursed by court order or until such time as SAIF and [claimant] mutually agree to the disbursement of the funds from trust." It found further, that, after our opinion in *Toole*, the parties intended that the funds would remain in trust until *Toole* had been decided by the Supreme Court. That understanding is confirmed by claimant's counsel's letter to SAIF of October 30, 1991, in which he states that the funds continued to be held in trust "pending outcome in *Toole v. EBI Companies*."

In the light of the parties' intentions to await the outcome of *Toole*, the Board found that SAIF's release of the funds three days before the Supreme Court issued its decision in *Toole* was made on the mistaken belief that *Toole* was not under advisement in the Supreme Court. Additionally, it

found that the circumstances were such that claimant's counsel should have known of the mistake. *See Gardner v. Meiling*, 280 Or 665, 674, 572 P2d 1012 (1977); *Rushlight Co. v. City of Portland*, 189 Or 194, 219 P2d 732 (1950). Accordingly, it held that there was no "mutual agreement" for release of the funds, as claimant contends. The Board's findings are supported by substantial evidence, and the evidence supports the Board's conclusion. We affirm the Board's order permitting SAIF to withdraw its release and ordering a distribution of the settlement proceeds.

Affirmed.