Argued and submitted December 19, 1986, affirmed April 8, 1987

In the Matter of the Compensation of
Robert B. Williams, Claimant.

ESTATE OF TROY VANCE, JR. et al,
*Petitioners,*

*v.*

WILLIAMS,
*Respondent.*

(WCB TP-85007; CA A39127)

734 P2d 1372

Kenneth Kleinsmith, Portland, argued the cause for petitioners. On the brief was Scott H. Terrall, Portland.

Michael McClinton, Salem, argued the cause for respondent. On the brief were Tim J. Helfrich and Yturri, Rose, Burnham, Ebert & Bentz, Ontario.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

This workers' compensation case concerns the right of a paying agency to assert a lien for future expenditures against the proceeds of a settlement reached by claimant with a third party.

Claimant sustained a compensable injury and filed a claim for benefits, which employer accepted. He also elected to seek damages from a third party pursuant to ORS 656.578. His attorney negotiated a settlement with the third party's insurance carrier. During negotiations, the attorney corresponded with employer's workers' compensation carrier, the paying agency (agency), to ascertain the amount of its expenditures. Beginning in June, 1984, the agency advised claimant regularly of its costs.

On March 28, 1985, claimant's attorney telephoned the agency's adjuster and advised her that he had received an offer of $80,000 to settle the third-party claim. He was advised that the adjuster would approve the settlement if claimant would agree to pay the agency's lien of $19,467.55. The next day, March 29, 1985, the adjuster sent claimant's attorney a letter confirming the agency's approval of the settlement, and advising: "As you know, we have a workers' compensation lien in the amount of $19,467.55 to be considered."

On April 4, 1985, claimant executed a release of the third-party claim, and on the same day his attorney sent a form to the agency entitled "Approval of Settlement by Paying Agency," asking the agency to approve the settlement and a distribution providing for payment to the agency of $19,467.55. On April 11, 1985, the agency's attorney telephoned claimant's attorney and advised him that it was not agreeing to the distribution and that, in addition to the $19,467.55, it was claiming a lien on the settlement proceeds for the present value of anticipated future costs. Claimant's attorney did not agree to the additional lien.

On motion of the agency, the Board considered the matter under ORS 656.593(3). It determined that the agency's just and proper share of the settlement proceeds was $19,467.55 and that the agency was not entitled to claim an additional amount for expected future claim costs, because claimant had relied on the agency's representation that its

lien was $19,467.55 in negotiating and settling the claim with the third party.

 An injured worker may elect to sue a negligent third party who is not protected by ORS 656.018. ORS 656.578. If the worker elects to sue, the proceeds of any damages recovered are subject to a lien of the agency for an amount equal to any compensation benefits paid and "the present value of its reasonably to be expected future expenditures." ORS 656.580(2); ORS 656.593(1).[1] If, however, the claimant settles the third-party claim with the approval of the agency, ORS 656.578, the agency is authorized to accept as its share of

---

[1] ORS 656.593 provides, in part:

"(1) If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any *damages recovered* from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

"(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, *and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under ORS 656.001 to 656.794.* Such other costs include assessments for reserves in the Administrative Fund, but do not include any compensation which may be payable under ORS 656.273 or 656.278.

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2) The amount retained by the worker or the beneficiaries of the worker shall be in addition to the compensation or other benefits to which such worker or beneficiaries are entitled under ORS 656.001 to 656.794.

"(3) *A claimant may settle any third party case* with the approval of the paying agency, in which event the *paying agency is authorized to accept such a share of the proceeds as may be just and proper* and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsection (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board." (Emphasis supplied.)

the proceeds "an amount which is just and proper," provided the worker receives at least the amount to which he is entitled under ORS 656.593(1) and (2). ORS 656.593(3).

■ In other words, if the third-party claim is settled, the compensation carrier may accept as its "just and proper" share an amount which is less than or equal to, but not more than, the amount of the lien to which it would be entitled if the claim had not been settled. Even under subsection (1), when the judgment is paid to the agency, its lien is lost if it does not retain enough to satisfy its lien. *SAIF v. Parker,* 61 Or App 47, 656 P2d 335 (1982). That is true, too, when the claimant discusses a proposed settlement of a third-party claim with the agency and obtains its approval, ORS 656.587, and is advised of the amount which the agency claims under ORS 656.593(3). The amount that the agency is "authorized to accept" is less precise than the amount of its lien under ORS 656.593(1)(c): "just and proper," as opposed to "its expenditures for compensation * * * and * * * the present value of its reasonably to be expected future expenditures for compensation." The question here is whether the agency fixed the "just and proper" amount it claimed when it gave claimant's attorney a figure.

■■ We held in *SAIF v. Cowart,* 65 Or App 733, 672 P2d 389 (1983), that an insurer is entitled to rely on a claimant's representation that the amount he is to receive is in settlement of the claimant's third-party action and that the Board lacked authority to restructure the settlement to pay a portion of the proceeds to the claimant's wife on her claim of loss of consortium. In *Denton v. EBI Companies,* 67 Or App 339, 679 P2d 301 (1984), we noted that, in negotiating a settlement, a claimant has a vital interest in knowing the exact amount of the agency's claimed lien. We held there that the agency could not recover time loss costs which were incurred before settlement but which had not been included in the originally asserted lien. Both *Cowart* and *Denton* support the conclusion that, when either a worker or an agency, in the course of negotiating a third-party settlement, makes a representation to the other which could affect the other's position on the amount of the settlement, the other is entitled to rely on that representation. The requirement that the agency approve any settlement necessitates full disclosure by both parties.

*Schlecht v. SAIF,* 60 Or App 449, 653 P2d 1284

(1982), on which the agency relies, is not to the contrary. There, the agency had not agreed to the settlement at the time it was executed and did not do so until after the initial proceeds had been distributed. There was no reliance by the worker on the agency's representations as to the amount of its lien. We held that the insurer was not required to make a claim at the time of the settlement for the costs incurred between the time of settlement and the time of the distribution of proceeds and could be compensated for actual expenses incurred before the time of distribution out of the settlement proceeds.

■ We find that in the process of negotiating the third-party settlement, claimant asked for, and the agency provided, a statement of its lien claim. Claimant expressly sought and received prior approval of the settlement. He relied on the agency's representation of its lien in negotiating and settling the third-party action and was entitled to do so. We hold that, when a agency represents the amount of its claimed lien to a worker, knowing that the worker is in the process of negotiating a third-party settlement, the agency may not claim as its "just and proper" share of the settlement any more than the originally asserted lien, even if the total amount claimed is not in excess of the lien authorized by ORS 656.593(1) and (2). We affirm the Board's holding that the agency's just and proper share of the settlement proceeds is $19,467.55.

Affirmed.