Argued and submitted April 20, reversed·and remanded June 1, reconsideration denied September 2, petition for review denied September 20, 1988 (306 Or 660)

In the Matter of the Compensation of
the Beneficiaries of
Mario Scarino, Deceased, Claimant.

# SCARINO,
*Petitioner,*

*v.*

# SAIF CORPORATION,
*Respondent.*

(TP-87002; CA A45358)

755 P2d 139

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of a third-party distribution order of the Workers' Compensation Board. She is the surviving spouse of a worker who died of an occupational disease; compensation was paid by SAIF. She was also the personal representative of his estate in Washington. As such, she brought a wrongful death action in the United States District Court for the Western District of Washington against various manufacturers and suppliers of the asbestos which caused the decedent's disease. After she obtained a judgment of approximately $250,000 in that action, she filed a "ratification of covenants and disbursement of funds" in the Washington probate court, proposing to disburse approximately $97,000 of the damages to herself and approximately $16,000 to each of the decedent's adult children. Petitioner is a "beneficiary" under the Oregon Workers' Compensation Law; the parties agree that the adult children are not. ORS 656.005(2); ORS 656.005(5). However, all four are "beneficiaries" of the wrongful death action. RCW 4.20.020. The issue is whether the base amount for calculating the share of the judgment to which SAIF is entitled under ORS 656.593 should or should not include the damages allocated to the children. The Board concluded that it should. We reverse.

ORS 656.580 provides:

"(1)  The worker or beneficiaries of the worker, as the case may be, shall be paid the benefits provided by ORS 656.001 to 656.794 in the same manner and to the same extent as if no right of action existed against the employer or third party, until damages are recovered from such employer or third party.

"(2)  The paying agency has a lien against the cause of action as provided by ORS 656.591 or 656.593, which lien shall be preferred to all claims except the cost of recovering such damages."

ORS 656.593(1) provides, as pertinent:

"If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such

notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section * * *."

Petitioner argues, *inter alia*:[1]

"[U]nder Washington law, while the right to bring an action for wrongful death vests in the personal representative, benefits of such an action belong to persons designated in the statute as beneficiaries, and the personal representative is merely the statutory agent or trustee acting in favor of the designated statutory beneficiaries * * *.

"[Petitioner] is the sole statutory beneficiary, under Oregon's Workers' Compensation Law, to benefits payable by SAIF. Thus, only her share of the proceeds of the third party judgment is subject to SAIF's lien. The Board erred in distributing to SAIF a portion of the third party judgment that was obtained for the benefit of [decedent's] grown children, who are beneficiaries under the probate laws of the State of Washington, but are not beneficiaries under Oregon's Workers' Compensation Law."

SAIF argues that its lien under ORS 656.580(2) is not against the proceeds received by a particular beneficiary, "but against the cause of action." That argument is premised on less than all of the relevant statutory language. ORS 656.580(2) gives SAIF a "lien against the cause of action *as provided by* ORS 656.591 or *656.593*." (Emphasis supplied.) ORS 656.593(1) provides that the "proceeds of any *damages recovered* from an employer or third person *by the worker or*

---

[1] Among her other arguments is that the "Board wrongly asserted jurisdiction over proceeds of an estate in Washington" and:

"The Board, rejecting [petitioner's] position below, wrongfully asserted that because the 'Ratification' filed by [petitioner] in the Probate Court in Washington was not a 'final order' of the Washington Court, but merely her 'desire' to disburse the funds in a particular fashion, it was not usurping the decision of the Washington Probate Court. The Board was wrong, in that pursuant to Washington Law, absent objection within 30 days, a proposed distribution by the personal representative of an estate becomes the final order of the Probate Court, without necessity of the entry of a decree. See RCW 11.68.110."

The grounds for our disposition make it unnecessary for us to reach that argument, and we expressly do not.

*beneficiaries shall be subject to a lien* of the paying agency."
(Emphasis supplied.)

SAIF also makes a related contention:

"The total of the proceeds recovered from the third party is
subject to the lien, and no part of that recovery can be allo-
cated to persons outside of the workers' compensation system
to defeat the lien or any part of it."

SAIF relies on *SAIF v. Cowart,* 65 Or App 733, 738, 672 P2d
389 (1983), where we agreed with the argument that the "stat-
utory scheme does not authorize distribution of any portion of
*a claimant's recovery* to a party who, like claimant's wife, has a
separate claim outside the workers' compensation system."
(Emphasis supplied; footnote omitted.)

In *Cowart,* the worker and his wife brought an action
against a third-party tortfeasor, stating separate claims for his
personal injuries and for her loss of consortium. They sought
and obtained SAIF's approval of a $65,000 settlement. *See*
ORS 656.587. When the approval was sought and given, it was
understood by the parties that the entire amount of the pro-
posed settlement was for the husband's claim. 65 Or App at
736-37. However, he and his wife, together with their attor-
neys, later decided to "allocate" $15,000 of the settlement to
the wife's claim.

There are many differences between this case and
*Cowart.* The most salient is that, here, what petitioner did was
analogous to what we said that the claimant in *Cowart* could
have done but did not:

"[T]he parties agreed to a settlement of claimant's cause of
action for $65,000; he thereafter attempted to change the
agreement. *Separate provision could have been made for
claimant's wife's claim for loss of consortium prior to the time
claimant sought SAIF's approval of the settlement,* but it was
not. Claimant's unilateral decision that $15,000 of the pro-
ceeds be allocated to her claim came too late." 65 Or App at
738. (Emphasis supplied.)

Under the Washington wrongful death law, RCW
4.20.010 *et seq,* an action may be maintained by a personal
representative for the benefit of various persons, including the
spouse and children of the decedent. Petitioner was the per-
sonal representative as well as a beneficiary of the action.

However, it was only in the latter capacity that she could obtain any personal recovery through the action, and she did not do that until, as plaintiff and personal representative, she allocated or disbursed the proceeds of the judgment to herself and the other beneficiaries of the action.

This case is the converse of *Cowart*. The claimant there sought to divert part of the already ascertained and approved amount of the settlement to his wife. Here, petitioner had obtained no recovery, and her share of the tort judgment was not ascertained until the children's shares of the damages were simultaneously allotted. Those shares were never part of her recovery.[2]

We agree with petitioner's argument, and we conclude that SAIF erred by including the children's damages in the third-party distribution calculation. Petitioner asks that the third-party distribution order which she proposed "should be ordered by this Court." We consider the more appropriate disposition to be for the Board to make the distribution determination on remand.

Reversed and remanded.

---

[2] Whether our reasoning reaches beyond the wrongful death action context is a question that we need not now decide. We note, however, that the distinction we have made is not an invitation to gamesmanship, nor is there any basis for believing that gamesmanship occurred here. Indeed, a personal representative who brings a wrongful death action is a trustee for the beneficiaries of the action, *see Gray v. Goodson*, 61 Wash 2d 319, 378 P2d 413 (1963), and has a duty to devise a proper apportionment of the damages among them.