Argued and submitted October 9, reversed and remanded with instructions
December 6, 1989

In the Matter of the Compensation of
Sheri L. Robertson, Claimant.

ROBERTSON,
*Petitioner,*

*v.*

DAVCOL, INC., et al,
*Respondents.*

(TP-88017; CA A50726)

783 P2d 43

Karen M. Werner, Eugene, argued the cause and filed the brief for petitioner. With her on the brief was Peter O. Hansen, Portland.

David Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board holding that the entire proceeds of a third party settlement are subject to SAIF's third party "lien" and that a distribution pursuant to ORS 656.593(1) is "just and proper."[1]

Claimant was injured on the job when she slipped and fell on employer's floor, as a result of which she underwent low back surgery. Because her employer was a non-complying employer, her worker's compensation claim was referred to SAIF for processing. ORS 656.054. SAIF accepted the claim and, as the paying agent, has paid claim costs of $37,477.08 so far, ORS 656.580, and reasonably expects to pay future expenses of $23,386.39 attributable to the injury.

Claimant filed a third party action against Davcol, Inc., her employer, ORS 656.578, and McKay, the manager of its tavern where claimant had worked, alleging claims for negligence, wrongful discharge, intentional infliction of emotional distress, defamation and retaliatory discharge, and sought total damages of $550,000, of which $200,000 was alleged to be damages resulting from negligence that caused the compensable injury.

Davcol and McKay and claimant settled the entire action for $100,000. The settlement agreement recited:

"1.  Plaintiff brought suit against Defendants in the Circuit Court for Multnomah County, Oregon, entitled *Robertson v. McKay, et al.,* Civil No. A8609-05668.

"2.  The Defendants have nominal assets saving and except a policy of insurance through Ranger Insurance Company, Policy No. SMP 32 45 32 which covers certain of the claims asserted by Plaintiff in her complaint, namely the wrongful constructive termination and defamation claims only. That policy excludes coverage for claims concerning which benefits are payable or are required to be provided under the workers' compensation laws.

---

[1] Because the third party case was settled rather than brought to judgment, SAIF has no "lien" as the term is used in ORS 656.580. *See Estate of Troy Vance v. Williams,* 84 Or App 616, 734 P2d 1372 (1987). However, SAIF's "just and proper" distribution under ORS 656.543(3) is determined by what its lien on a judgment for damages would have been.

"3. The parties wish by this settlement agreement to resolve all of the issues between them by applying the proceeds of the policy of insurance referenced above to settle the covered claims between the parties, that is, the wrongful termination and defamation claims to compensate her solely and exclusively for the emotional trauma and distress which was allegedly suffered by her following the end of her period of employment with Defendants.

"4. The parties agree and acknowledge that the claims for which the policy proceeds are available are not compensable under the workers' compensation laws."

Claimant also agreed to satisfy "third party" liens and to apply up to $5,000 of the proceeds "to fund an agreement between the Workers' Compensation Department and defendants to release the lien of that department against defendants in exchange for that amount." The settlement was conditioned on SAIF's approval.

SAIF approved the settlement "with the understanding that the settlement of the third party claim shall not be effective until such time as SAIF receives its share of the settlement proceeds." As it states in its brief, it approved the settlement on the condition that the portion of the proceeds attributable to SAIF's alleged third party lien be held in trust pending resolution of claimant's contention that the lien did not attach to any part of the settlement. SAIF then petitioned the Board to determine its "just and proper" distribution. The Board held that SAIF's lien applies to the proceeds of any and all damages recovered, regardless of the agreed upon composition of the settlement.

Claimant contends that the settlement proceeds were intended, as the settlement agreement expressly provides, to compensate her only for the emotional trauma and distress that she allegedly suffered as result of the wrongful termination and the defamation claims and not for the negligence claim that related to the compensable injury. It is not disputed that employer's insurer was not liable for the negligence claim, because of the policy's exclusion.

SAIF concedes that whatever right to the proceeds it may have is only against any portion of the award attributable

to the negligence cause of action. ORS 656.580(2).[2] It argues, however, that, because "[c]laimant presented no evidence or argument to the [Board] sufficient to enable it to determine what part of the settlement was attributable to her negligence claim" and did not "clearly apportion the recovery between the third party cause of action and the other causes of action," its lien attaches to "proceeds of any damages recovered" or, in this case, to the entire settlement. ORS 656.593(1).

Contrary to SAIF's contention, the settlement agreement clearly apportioned the proceeds between the third party claim and the other claims. It allocated no portion to the claim related to the compensable injury. ORS 656.587 provides:

"Any compromise by the worker or other beneficiaries or the legal representative of the deceased worker of any right of action against an employer or third party is void unless made with the written approval of the paying agency or, in the event of a dispute between the parties, by order of the board. ORS 656.236 does not apply to compromises and settlements under ORS 656.578 to 656.595."

If SAIF had wished to disapprove of the settlement because nothing was paid to settle the negligence claim, it could have done so. Then claimant would have been required to seek the Board's approval, ORS 656.587, without which the settlement would be void. However, when SAIF approved it, the settlement was validated, even though there remained the need to resolve the issue whether SAIF was entitled to a share of the proceeds pursuant to ORS 656.593(3). By putting the dispute in that posture, SAIF was asking the Board to make that determination and thereby assumed the burden of establishing the portion of the settlement proceeds to which its lien attached. As it concedes, it is entitled to a lien only on proceeds paid to settle the negligence claim. The settlement agreement states expressly that no part of the settlement was attributable to that claim,[3] and there is nothing in this record

---

[2] ORS 656.580(2) provides:

"The paying agency has a lien against the cause of action as provided by ORS 656.591 or 656.593, which lien shall be preferred to all claims except the cost of recovering such damages."

[3] That is not to say that a claimant who files a third party claim that includes other claims that are not compensable under the Workers' Compensation Act may avoid the paying agent's lien merely by allocating all, or substantially all, of the settlement proceeds to claims against which the paying agent has no lien. Here, the two claims to which the settlement proceeds were applied, if established, could easily have resulted in a damage award in the amount paid, and there was no insurance covering the negligence claim.

to show otherwise.[4] Therefore, SAIF is entitled to no share of the proceeds.

Reversed and remanded with instructions to make a distribution order to claimant.

---

[4] For example, SAIF made no effort to determine whether Davcol or McKay paid anything from their own funds. If they had, one might reasonably infer that the payment was made to settle the negligence claim, for which Davcol was not insured; limits of liability under the insurance for the other claims was more than adequate to cover what was paid on those claims. If, in fact, the insurer paid the entire $100,000 and if neither Davcol nor McKay was able to respond in damages, as the settlement agreement suggests, the settlement agreement was not a sham to avoid SAIF's lien. SAIF advances no explanation as to why the insurer would have paid anything on an uninsured claim, and there is no evidence that even suggests that it would or did.