Argued and submitted January 27, remanded for reconsideration in part; otherwise affirmed November 4, 1992, reconsideration denied January 13, petition for review denied February 23, 1993 (315 Or 442)

In the Matter of the Compensation of
Theresa J. Lester, Claimant (Dec'd).

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Oregon Asphalt Paving,
*Petitioners,*

*v.*

Jill E. GOLDEN,
Personal Representative of
the Estate of Theresa J. Lester, Deceased,
*Respondent.*

(WCB TP-90061; CA A68913)

840 P2d 1362

M. Kathryn Olney, Portland, argued the cause and filed the brief for petitioners.

Gene Mechanic, Portland, argued the cause for respondent. With him on the brief were Goldberg & Mechanic, Portland, and W. Eugene Hallman and Mautz, Hallman, Pendleton.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

Durham, J., concurring in part; dissenting in part.

## RICHARDSON, P. J.

Petitioners seek review of a third-party distribution order of the Workers' Compensation Board issued under ORS 656.593(3). They contend that the lien provided under ORS 656.593(1) should be paid from the third-party settlement before any of the proceeds are allocated or distributed to any beneficiaries of the worker. They also contest the Board's calculation of the amount of the lien. We remand.

Theresa Lester (decedent) was killed when she was hit by a truck while working as a flagger for petitioner Oregon Asphalt Paving (employer). She was survived by her husband and two minor children. Petitioner Liberty Northwest Insurance Corporation (Liberty) was the workers' compensation insurer for employer. It accepted a workers' compensation claim and pays benefits to decedent's husband and children: $806.84 per month to husband and $150 per month for each child. ORS 656.204.

Respondent, the personal representative of decedent's estate, brought a wrongful death action for the benefit of the husband and the children against the driver of the truck that hit decedent. The truck driver's carrier offered to settle the action for $300,000. Liberty did not object to the amount of the settlement[1] and respondent petitioned the probate court for an order apportioning the settlement to the beneficiaries under ORS 30.040. With the husband's concurrence, the probate court allocated one-half of the settlement to each child and nothing to husband.

Respondent then petitioned the Board to resolve a dispute as to the distribution of the settlement proceeds, particularly the amount that Liberty could recover on its lien. Liberty requested that all of the costs of the claim, including benefits paid to the husband and the children, be paid under ORS 656.593. The Board held that the claim costs attributable to an individual beneficiary should be payable only from the amount of the settlement allocated to that beneficiary by the probate court. Because none of the proceeds was allocated to husband, it held that the claim costs related to him were not to be recoverable from the settlement.

---

[1] Petitioners do not contend that the settlement is void because they did not approve it in writing. ORS 656.587.

Liberty argues that, under ORS 656.593, there is a single lien for the costs of providing benefits under the workers' compensation claim and that lien is against all the settlement proceeds from an action under ORS 656.593(1) after the distributions specified in ORS 656.593(1)(a) and (b).

Respondent argues that the Board properly exercised its discretion in determining a "just and proper distribution." ORS 656.593(3). She notes that decedent and her husband had not been living together for almost one year before the fatal injury and that decedent had filed for dissolution of the marriage. She argues that the children suffered the loss from their mother's death and it, therefore, is just that they receive all of the proceeds. The husband, she contends, suffered no loss and is entitled to no part of the settlement.

Allocation of damages among beneficiaries of a wrongful death action under ORS 30.030 is not the same as the distribution of the proceeds between the workers' compensation paying agency and the decedent's estate under ORS 656.593(3). The beneficiaries of a wrongful death action, ORS 30.020, are not the same as beneficiaries under the Workers' Compensation Act. ORS 656.204. The issue for the probate court, under ORS 30.030, is the amount that each beneficiary in the wrongful death action is to receive, according to that beneficiary's loss. Under ORS 656.593(3), the issue for the Board is what amount is just and proper for the paying agency to receive on its lien.

The Board, however, utilized the criteria under ORS 30.030 in deciding what is just and proper for the paying agency to receive. The Board essentially agreed with the probate court that husband had suffered no loss and should receive none of the proceeds from the settlement. From that conclusion, the Board held that it was therefore just and proper that Liberty not be paid the portion of its claim costs attributable to benefits paid to him. That puts the cart before the horse.

The structure of ORS 656.593 is that the paying agency's lien attaches to the gross proceeds of the settlement after the costs of obtaining it are subtracted, ORS 656.593(1)(a), and one-third of the balance is distributed to

the estate for the beneficiaries. ORS 656.593(1)(b). After those deductions, the paying agency is to receive what is just and proper toward payment of its lien and the remainder is distributed to the beneficiaries. The probate court may determine, under ORS 30.030, the allocation of the amounts distributed pursuant to ORS 656.593. The action of the probate court cannot determine the amount available for discharge of the paying agency's lien by allocating settlement proceeds to the beneficiaries designated under the Workers' Compensation Law.

Respondent argues that *Scarino v. SAIF*, 91 Or App 350, 755 P2d 139, *rev den* 306 Or 660 (1988), authorizes the probate court to distribute proceeds of a wrongful death action before the paying agency's lien is paid. That case is distinguishable. There, as a result of the decedent's death from an occupational disease, the personal representative of the estate brought a wrongful death action in federal district court pursuant to Washington law. A probate court in Washington distributed part of the judgment in the action to decedent's spouse, who was a beneficiary under Oregon's Workers' Compensation Act, and the balance to persons who were not workers' compensation beneficiaries but were beneficiaries of the wrongful death action. We held that the part of the judgment payable to persons who were not workers' compensation beneficiaries was not subject to SAIF's lien for workers' compensation benefits, because that part of the judgment was not obtained by an action under ORS 656.593(1), *i.e.*, it was not obtained by the worker's beneficiaries from a third party. *See also Robertson v. Davcol, Inc.*, 99 Or App 542, 783 P2d 43 (1989).

Here, the settlement was of an action brought for the benefit of persons who are workers' compensation beneficiaries. The distribution of settlement proceeds under ORS 656.593 is to the beneficiaries as a class, not to individuals. Individual allocation of damages is done by the probate court under ORS 30.030. There is a single lien and a single settlement.

The Board has some discretion to determine what is just and proper for the paying agency to receive, but that discretion must be exercised in the proper legal framework.

Because the Board used the wrong legal standard, we remand for reconsideration.

In the second assignment of error, Liberty contends that the Board incorrectly calculated the amount of its lien. Liberty argues that, under ORS 656.593(1)(c), the lien includes "the present value of its reasonably to be expected future expenditures for compensation." It essentially disputes the formula that the Board used in determining the present value of future benefits. Liberty and respondent presented expert testimony on the proper calculation. The Board accepted the testimony of respondent's expert. There is substantial evidence to support the determination.

Remanded for reconsideration of distribution; otherwise affirmed.

**DURHAM, J.,** concurring in part, dissenting in part.

I agree with the majority that the board did not err in calculating the present value of future benefits that it authorized Liberty to accept. However, I disagree with the majority's construction of ORS 656.593.

ORS 656.593 provides, in part:

"(1) If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

"(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under this chapter. Such other costs include assessments for reserves in the Insurance and Finance Fund, but do not include any compensation which may become payable under ORS 656.273 or 656.278.

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2) The amount retained by the worker or the beneficiaries of the worker shall be in addition to the compensation or other benefits to which such worker or beneficiaries are entitled under this chapter.

"(3) *A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper* and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. *Any conflict as to what may be a just and proper distribution shall be resolved by the board.*"
(Emphasis supplied.)

The statute establishes the procedure for determining the extent to which a "paying agency," ORS 656.576, may receive a share of any sum recovered if a worker or the worker's beneficiary elects under ORS 656.578 to seek damages from the employer or a third person who has caused a compensable injury or death. Under ORS 656.580, "[t]he paying agency has a lien against the cause of action as provided by ORS 656.591 or 656.593 * * *." If the worker or a beneficiary sues and receives a damage award, subsection (1) grants the paying agency a lien against the award and designates the amount that it can recover. However, if the worker or the beneficiary settles the claim with the paying agency's consent, subsection (3) governs the paying agency's recovery. That section creates no lien on settlement proceeds. Instead, it authorizes the paying agency to "accept" a "just and proper share" of the settlement.

The majority disregards the significance of that terminology. The settlement of the third party action, with the paying agency's consent, extinguishes the cause of action and the lien. Thereafter, the paying agency must rely for its recovery either on an agreement that it may have reached with the claimant at the time of the settlement or, absent an agreement, on the Board's determination of a just and proper share. Neither potential source of recovery is a lien.

The majority analyzes this case as if it involves a paying agency's lien under ORS 656.593(1). That is incorrect. Respondent, with Liberty's concurrence,[1] settled the claim and invoked the Board's authority under ORS 656.593(3) to resolve a conflict as to what would be a just and proper distribution. The Board correctly determined that, in resolving the conflict, it is not required to calculate the paying agency's just and proper share as if it had a lien.[2]

The text of ORS 656.593(3) supports the Board's construction. The statute entitles the worker or the beneficiary to receive those sums that would be paid to a worker under the lien described in ORS 656.593(1) and (2). However, the statute makes no reference to a paying agency's statutory lien rights and entitles the agency only to a "just and proper" share. If the legislature had intended the result that Liberty

---

[1] Liberty does not dispute the Board's finding that, as the paying agency, it approved the settlement. The majority correctly observes that Liberty makes no contention that the settlement approval is invalid because it is not in writing. 116 Or App at 66 n 1.

[2] The Board relied on the probate court hearing, reports from and interviews with family members, coworkers, mental health counsellors and a babysitter and testimony by an attorney about the anticipated damage recovery and concluded:

"[A] distribution of settlement proceeds in equal portions to the two minor children with the surviving spouse receiving nothing represents an appropriate and reasonable apportionment commensurate with their respective financial and emotional losses resulting from decedent's death."

The Board explained why it confined Liberty's recovery of claim costs to the specific beneficiaries who shared in the third party settlement:

"To do otherwise would permit the paying agency to receive reimbursement for claim expenditures related to a particular beneficiary (surviving spouse) from other beneficiaries' (children) portions of a third party settlement. Since those other beneficiaries have not and will not realize any benefits from those claim costs, we would not consider such a proposed distribution to be just and proper."

The Board ruled out "gamesmanship" on respondent's part and followed the distribution approved by the probate court. The Board's conclusions are supported by findings that Liberty does not challenge.

seeks, it would have drafted subsection (3) to grant the paying agency a lien on settlement proceeds or to entitle it to receive the same amount that it would receive through an ORS 656.593(1)(c) lien, just as it did for the worker or beneficiary. Its failure to do so demonstrates that the legislature did not intend to require the Board to calculate the agency's share as if it had a lien against the settlement.[3]

The majority's view that the Board reached its decision in the wrong legal framework is incorrect, because it assumes that the paying agency has a lien against the settlement proceeds. The error is not eliminated by the majority's acknowledgement that "[t]he Board has some discretion to determine what is just and proper for the paying agency to receive." 116 Or App at 68. The Board considered Liberty's contention that it should be reimbursed for all of its claim costs, including those related to husband, and rejected the claim. It designated a just and proper share and supported its decision with adequate findings and conclusions. Liberty received all that it is entitled under ORS 656.593(3).

I would affirm the Board's order in all respects.

---

[3] The premise of the legislature's distinction is that a judgment awards all of the damages to which the claimant or beneficiary is entitled and, for that reason, the paying agency should be entitled to recover all expenditures for which it has a lien. ORS 656.593(1)(c). However, a settlement may represent a compromise of the third party claim and, for that reason, the Board may require a paying agency to accept a reduced sum as its just and proper share under ORS 656.593(3).