Argued and submitted March 14, reversed and remanded for reconsideration
October 5, 1994

In the Matter of the Compensation of
Theresa J. Lester, Deceased, Claimant.

John C. URNESS,
Personal Representative of the
Estate of Theresa J. Lester, Deceased,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Oregon Asphalt Paving,
*Respondents.*

(TP-90061; CA A79870)

882 P2d 612

W. Eugene Hallman argued the cause for petitioner. With him on the brief were Gene B. Mechanic and Goldberg & Mechanic.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner seeks review of the Workers' Compensation Board's distribution of settlement proceeds. ORS 656.298. He contends that the Board failed to exercise its discretion in determining a "just and proper" distribution of settlement proceeds in accordance with ORS 656.593(3). We reverse and remand.

The facts of this case are set forth in *Liberty Northwest Ins. Corp. v. Golden*, 116 Or App 64, 840 P2d 1362 (1992), *rev den* 315 Or 442 (1993), and we summarize those facts necessary for our review. Petitioner is the personal representative of the estate of Lester, who died in a job-related accident. Liberty Northwest Insurance Corporation (Liberty) is employer's workers' compensation insurance carrier. It accepted a workers' compensation claim and paid benefits to decedent's husband and children. Petitioner brought a wrongful death action against a third party for the benefit of the decedent's husband and children. The third party settled the action for $300,000, and Liberty did not object to the amount of the settlement. Petitioner petitioned the probate court for an order apportioning the settlement to the beneficiaries under ORS 30.040. With the husband's concurrence, the probate court allocated one-half of the settlement to each child and nothing to the husband.

Petitioner then petitioned the Board to resolve a dispute as to the amount that Liberty could recover from the settlement under ORS 656.593, which provides, in part:

"(1)   If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. * * * *The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds* as set forth in this section and the total proceeds shall be distributed as follows:

"(a)   Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

"(b)   The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under this chapter. * * *

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2) The amount retained by the worker or the beneficiaries of the worker shall be in addition to the compensation or other benefits to which such worker or beneficiaries are entitled under this chapter.

"(3) *A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds which may be just and proper* and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board." (Emphasis supplied.)

The Board held that the claim costs attributable to an individual beneficiary should be payable only from the amount of the settlement allocated to that beneficiary by the probate court. The Board concluded that, because none of the proceeds were allocated to the husband, none of the claim costs related to him were recoverable from the settlement.

Liberty sought review, and we remanded the case to the Board, explaining:

"The structure of ORS 656.593 is that the paying agency's lien attaches to the gross proceeds of the settlement after the costs of obtaining it are subtracted, ORS 656.593(1)(a), and one-third of the balance is distributed to the estate for the beneficiaries. ORS 656.593(1)(b). After those deductions, the paying agency is to receive what is just and proper toward payment of its lien and the remainder is distributed to the beneficiaries. The probate court may determine, under ORS 30.030, the allocation of the amounts distributed pursuant to ORS 656.593. The action of the probate court cannot determine the amount available for discharge of the paying

agency's lien by allocating settlement proceeds to the beneficiaries designated under the Workers' Compensation Law." *Liberty Northwest Corporation v. Golden, supra,* 116 Or App at 67-68.

Thus, the problem with the Board's original order was not that it was an "[un]just and [im]proper" distribution, but that the Board relied on the probate court's allocation to determine the agency's share of the proceeds. The probate court's order distributed only the amount of the proceeds left after satisfaction of the agency's share; it could not determine the amount of the lien. We concluded that the approach taken by the Board "put the cart before the horse" and held:

> "The Board has some discretion to determine what is just and proper for the paying agency to receive, but that discretion must be exercised in the proper legal framework. Because the Board used the wrong legal standard, we remand for reconsideration." 116 Or App at 69.

Now, on remand, the Board has put a horse before the cart but has used the wrong horse. It held that, "consistent with our longstanding policy of avoiding distributions on an ad hoc basis," it would distribute the proceeds in accordance with ORS 656.593(1). However, distributions on an "ad hoc" basis are exactly what ORS 656.593(3) contemplates in the distribution of settlement proceeds in circumstances such as these. Each case should be judged on its own merits when determining a "just and proper" distribution. Although either of the Board's decisions may, in fact, have been a "just and proper" resolution, the method the Board used in reaching those decisions was improper. We remand for the Board to exercise its discretion to arrive at a "just and proper" distribution of settlement proceeds.

Reversed and remanded for reconsideration.