Submitted on record and briefs April 18, affirmed October 25, 1995

In the Matter of the Estate of
Robbie Wayne Worthen, Decedent.

Dorothy WORTHEN,
Personal Representative of the
Estate of Robbie Wayne Worthen, Decedent,
*Respondent,*

*v.*

LUMBERMEN'S UNDERWRITING
ALLIANCE, INC.,
*Appellant.*

(91-CV-0516)

In the Matter of the Estate of
Robbie Wayne Worthen, Decedent.

Dorothy WORTHEN,
Personal Representative of the
Estate of Robbie Wayne Worthen, Decedent,
*Respondent,*

*v.*

NAVISTAR INTERNATIONAL
TRANSPORTATION CORPORATION,
Northwest International Trucks
and D-9 Construction, Inc.,
*Defendants,*

*and*

LUMBERMEN'S UNDERWRITING
ALLIANCE, INC.,
*Appellant.*

(91-CV-0596; CA A84846)

904 P2d 1088

Kenneth L. Kleinsmith and Meyers, Radler, Replogle & Bohy filed the briefs for appellant.

G. Jefferson Campbell, Jr., filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Lumbermen's Underwriting Alliance, Inc. (Lumbermen's), appeals from an order issued by a probate court. The order distributes the recovery obtained in a wrongful death action brought by a decedent's personal representative, who is also a workers' compensation claimant.[1] We affirm.

The decedent was killed in a logging truck accident that arose out of and in the course of his employment with an insured of Lumbermen's. The decedent's surviving spouse (plaintiff), filed a workers' compensation claim that was accepted by Lumbermen's, and she began to receive benefits. Plaintiff was appointed personal representative of the decedent's estate and she elected to seek recovery against the third parties who allegedly caused the fatal injury: D-9 Construction, Inc. (D-9), Northwest International Trucks (Northwest) and Navistar International Transportation Corporation (Navistar).[2] Plaintiff filed a wrongful death action against D-9, Northwest and Navistar on behalf of herself and the decedent's three surviving adult children.[3] She provided notice of the claim to Lumbermen's as required by ORS 656.593(1).[4] The action resulted in a pretrial settlement with D-9 for $15,000 and a judgment against Navistar for $42,343.64.[5]

A dispute arose between plaintiff and Lumbermen's over the distribution of the total recovery ($57,343.64)

---

[1] The order was issued by the circuit court that presided over the wrongful death action, sitting in its capacity as a probate court.

[2] Oregon's workers' compensation laws permit a worker or worker's beneficiary to pursue recovery for injury or death against a negligent third party. ORS 656.154; ORS 656.578.

[3] The decedent's children are not workers' compensation beneficiaries. ORS 656.005(2), (5); ORS 656.204.

[4] If a claimant elects to proceed against a third party for damages, ORS 656.580(2) grants the paying agency a "lien" against the cause of action. *Toole v. EBI Companies*, 314 Or 102, 105-06, 838 P2d 60 (1992). This arrangement shifts the cost of compensating the claimant to the wrongdoer and provides "both the paying agency and the [claimant] some benefit from the third-party claim recovery." *SAIF v. Parker*, 61 Or App 47, 53, 656 P2d 335 (1982). A "paying agency" is defined by ORS 656.576 as "the self-insured employer or insurer paying benefits to the worker or beneficiaries." The parties do not dispute that Lumbermen's qualifies as a paying agency under that definition.

[5] The claims against Northwest were dismissed with prejudice.

obtained in the wrongful death action. Both parties petitioned the Workers' Compensation Board (Board) for resolution of their dispute. The Board issued a third-party distribution order in which it determined that Lumbermen's was entitled to a "just and proper" share of the D-9 settlement proceeds, in the amount of $6,115.45, and that it was not entitled to a share of the damages awarded in the Navistar judgment. ORS 656.593(1), (3).[6]

After the Board issued its order, plaintiff filed a motion in the probate court requesting distribution of the recovery from the wrongful death action. Applying ORS 30.030,[7] the court ordered that the entire recovery be allocated to pay the costs, expenses and fees incurred in prosecuting the wrongful death claim, which "far exceeded the amount of the total recoveries." *See* ORS 30.030(2). As a result, there were no funds remaining to distribute to the decedent's beneficiaries, including plaintiff. The court further concluded:

> "[T]here is and will be no distribution from the Estate of Robbie Worthen to [plaintiff], as the surviving spouse of the decedent, from the wrongful death action recoveries against which a paying agency lien under ORS 656.580(2) might otherwise be applied in favor of Lumbermen's Underwriting Alliance, Inc., the workers' compensation insurer of decedent's employer."

On appeal, Lumbermen's challenges the court's distribution of the wrongful death recovery, arguing that the court

---

[6] The Board's third-party distribution order is the subject of a separate appeal. *See Worthen v. Lumbermen's Underwriting (A83303)*, 137 Or App 434, 904 P2d 1091 (1995).

[7] ORS 30.030 provides, in part:

"(1) Upon settlement of a claim, or recovery of judgment in an action, for damages for wrongful death, * * * the amount of damages so accepted or recovered *shall be distributed in the manner prescribed by this section.*

"(2) The personal representative shall make payment or reimbursement for costs, expenses and fees incurred in prosecution or enforcement of the claim, action or judgment.

"* * * * *

"(4) If under ORS 30.040 or 30.050 or by agreement of the beneficiaries a portion of the damages so accepted or recovered is apportioned to a beneficiary as recovery for loss described in ORS 30.020(2)(d), the personal representative shall distribute that portion to the beneficiary.

"(5) The remainder of the damages accepted or recovered shall be distributed to the beneficiaries * * *." (Emphasis supplied.)

lacked statutory authority to abrogate the Board's award of a just and proper share of the settlement proceeds. Lumbermen's specifically contends that, because the wrongful death claim was brought by a workers' compensation claimant as a third-party action, the court must distribute the recovery in a manner consistent with the Board's third-party distribution order. We disagree.

Two statutory provisions affect the distribution of the recovery obtained in this wrongful death action. The first, ORS 30.030, directs the personal representative to distribute the damages obtained from a settlement of or judgment in a wrongful death action in a specified manner. The second, ORS 656.593, applies because the claim was brought as a third-party action by a workers' compensation claimant. That provision determines, *inter alia*, how the damages obtained by a workers' compensation claimant in a third-party action are to be allocated between the claimant and the paying agency that has been granted a lien against the cause of action pursuant to ORS 656.580(2).[8] The parties' dispute here centers on the order in which those two provisions are to be applied.

■ A wrongful death action that is brought as a third-party action by, or on behalf of, a workers' compensation claimant is not necessarily exclusive to that claimant. The action may also involve dependents of the decedent who do not qualify as workers' compensation beneficiaries.[9] *See* ORS 30.020 (listing wrongful death beneficiaries); ORS 656.005(2)

---

[8] A paying agency's lien is qualified by ORS 656.593, which ultimately controls the amount that a paying agency may recover from a third-party action. In the event that a claimant recovers *damages*, the paying agency is entitled to an "amount equal to any compensation benefits paid and 'the present value of its reasonably to be expected future expenditures.'" *Estate of Troy Vance v. Williams*, 84 Or App 616, 619, 734 P2d 1372 (1987) (quoting ORS 656.593(1)(c)). If, on the other hand, a claimant *settles* the third party action, the paying agency is authorized to accept a "just and proper" share of the settlement proceeds. ORS 656.593(3); *Vance*, 84 Or App at 619-20. That amount is either less than or equal to "the amount of the lien to which it would be entitled if the claim had not been settled." *Id.* If the parties dispute what constitutes a "just and proper" share of a settlement, the Board resolves such conflicts. ORS 656.593(3).

[9] In *Liberty Northwest v. Golden*, 116 Or App 64, 67, 840 P2d 1362 (1992), *rev den* 315 Or 442 (1993), we noted:

"The beneficiaries of a wrongful death action, ORS 30.020, are not the same as beneficiaries under the Workers' Compensation Act. ORS 656.204."

(defining workers' compensation beneficiary). In instances where a group of wrongful death beneficiaries includes both workers' compensation claimants and nonclaimants, we have held that, although ORS 656.580(2) grants the paying agency "a lien against the cause of action," the lien attaches only to that portion of the recovery *distributed to a workers' compensation claimant*, not to the total amount obtained in the cause of action. *Scarino v. SAIF*, 91 Or App 350, 755 P2d 139, *rev den* 306 Or 660 (1988). Accordingly, the recovery first must be allocated among the wrongful death beneficiaries pursuant to ORS 30.030. Once a claimant, standing as a wrongful death beneficiary, receives his or her portion of the recovery, ORS 656.593 dictates how much of that claimant's share will be distributed to the paying agency.

■        Like *Scarino*, this wrongful death action involves a workers' compensation claimant and three nonclaimants. Therefore, we begin by applying ORS 30.030 to the recovery. According to the prioritization scheme set forth in that statute, the costs, fees and expenses incurred in pursuing the wrongful death claim must be paid first. ORS 30.030(2).[10] Here, the costs, fees and expenses exceed the amount of the total recovery. As a result, none of the wrongful death beneficiaries, including plaintiff, receives any part of the settlement or damages. Under the rule enunciated in *Scarino*, Lumbermen's lien against the third-party action would be reimbursed out of the portion of the total recovery allocated to plaintiff, the workers' compensation claimant.[11] However, because plaintiff did not receive any share of the recovery, Lumbermen's lien is effectively extinguished. The probate court did not err in concluding similarly.

Lumbermen's contention that *Liberty Northwest v. Golden*, 116 Or App 64, 840 P2d 1362 (1992), *rev den* 315 Or 442 (1993), controls the outcome of this case is incorrect. In *Golden*, we recognized an exception to *Scarino*, holding that when a third-party wrongful death action involves workers' compensation claimants *exclusively*, the paying agency's lien attaches to the entire amount of the recovery distributed to

---

[10] *See* n 7 above.

[11] We use the term "lien" to refer generally to the interest that the paying agency has in the third-party claim. *See* ORS 656.580(2).

the group, even though one or more of the individual claimants may not receive a share of the recovery.[12] 116 Or App at 68. We distinguished *Scarino* because there were no nonclaimants represented in the wrongful death action. *Id.* That is not the situation here. The group of wrongful death beneficiaries in this case involves both claimants and nonclaimants; therefore, the exception we stated in *Golden* does not apply.

■        In applying ORS 30.030, the probate court was required to distribute the recovery in a manner consistent with the statute, and was not affected by the Board's determination that Lumbermen's was entitled to an amount representing a "just and proper" share of the D-9 settlement.

Affirmed.

---

[12] The settlement obtained in the wrongful death action in *Golden* was distributed to two of the three claimants only. Nevertheless, we held that the paying agency could recover the claim costs attributed to all three claimants. *Golden*, 116 Or App at 68. Had we followed the rule in *Scarino*, the paying agency would have been able to recover only the claim costs attributed to the two claimants who actually received a share of the settlement.