Argued and submitted November 21, 1995, affirmed January 3, petition for review denied April 2, 1996 (323 Or 114)

In the Matter of the Compensation of
Theresa J. Lester, Claimant.

# LIBERTY NORTHWEST INSURANCE CORPORATION
and Oregon Asphalt Paving,
*Petitioners,*

*v.*

John C. URNESS,
Personal Representative of the Estate
of Theresa J. Lester, Deceased,
*Respondent.*

(TP-90061; CA A87295)

909 P2d 893

Jerald P. Keene argued the cause and filed the brief for petitioners.

Gene Mechanic argued the cause for respondents. With him on the brief were Goldberg & Mechanic and W. Eugene Hallman.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioners seek review of a third-party distribution order of the Workers' Compensation Board issued under ORS 656.593(3).[1] They contend that the Board abused its discretion in determining a "just and proper" distribution of the settlement proceeds because it failed to consider and apply the policies of the Workers' Compensation Law. We affirm.

This case is before us for the third time; the facts are set forth in *Liberty Northwest Ins. Corp. v. Golden*, 116 Or App 64, 840 P2d 1362 (1992), *rev den* 315 Or 442 (1993). Theresa Lester died in a job-related accident while working for Oregon Asphalt Paving. Liberty Northwest accepted the claim by the worker's beneficiaries and paid benefits of $806.84 per month to decedent's husband and $150 per month to each of her two children. ORS 656.204. The personal representative of Lester's estate settled a wrongful death action against a third party for $300,000; Liberty Northwest did not object to the amount of the settlement. With Lester's husband's concurrence, the probate court allocated one-half of the third-party settlement to each of her two children and nothing to her husband.[2]

The Board initially determined that Liberty Northwest's lien applied only to the shares of the settlement that the probate court allocated to each beneficiary. Therefore, it held that it was "just and proper" to limit Liberty Northwest's recovery of actual and future claim costs related to the benefits that Lester's children received, because the probate court did not allocate any of the settlement proceeds to her husband.

On review we reversed, holding that the Board applied the wrong standard when it relied on the probate

---

[1] ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

[2] At the time of her death, the decedent and her husband were separated. She had twice filed petitions to dissolve the marriage, the children resided with her, and the husband agreed that "they suffered the most damages by losing their mother."

court's order apportioning the settlement. We pointed out that the beneficiaries of a wrongful death action under ORS 30.020 are not the same as the beneficiaries under the Workers' Compensation Law. Thus, we said:

> "The action of the probate court cannot determine the amount available for discharge of the paying agency's lien by allocating settlement proceeds to the beneficiaries designated under the Workers' Compensation Law." 116 Or App at 68.

On remand the Board, concerned about making distribution decisions on an ad hoc basis, applied the distribution scheme for judgment proceeds under ORS 656.593(1) to determine a "just and proper" distribution of settlement proceeds under ORS 656.593(3). We again reversed, *Urness v. Liberty Northwest Ins. Corp.*, 130 Or App 454, 882 P2d 612 (1994), holding that distributions on an ad hoc basis are exactly what ORS 656.593(3) contemplates. Accordingly, we remanded with directions that the Board exercise its discretion and judge each case on its individual merits in arriving at a just and proper distribution of settlement proceeds.

On remand, the Board returned to its original result. It relied on the testimony of the settling party's attorney that, because of the strained relationship between Lester and her husband, any award of tort damages would have been limited to the loss suffered by her minor children. It therefore concluded that "the settlement proceeds were designed to compensate the decedent's minor children for their losses" and determined that it would be just and proper for Liberty Northwest to recover its actual and future claim costs for the two children, but not its costs for the claim of Lester's surviving spouse.

■ ■ Petitioners now argue that the Board abused its discretion in determining a just and proper distribution of the settlement proceeds because it failed to consider and apply the policies of the Workers' Compensation Law. They assert that the Board ignored its duty to give effect to the individual policies of the workers' compensation system by using tort principles to determine the just and proper distribution of the settlement proceeds. Rather, petitioners say, the Board should have focused its duty to "reduce the cost to the workers' compensation system as much as possible where

there is an alterative source of recovery for the worker's damages." Liberty's entitlement to the proceeds of the settlement could not exceed what Liberty would be entitled to receive from a judgment in a third-party action under ORS 656.593(1) and (2); it could also be less. *Estate of Troy Vance v. Williams*, 84 Or App 616, 620, 734 P2d 1372 (1987). In light of the circumstances that the Board identified, we cannot say that it abused its discretion in determining that it is just and proper for Liberty to receive reimbursement only for its actual and future claim costs for the two children, but not for the surviving spouse.

Affirmed.