In the Matter of the Compensation of
Karen L. Hays, Claimant.

NEWPORT ELKS CLUB et al,
*Petitioners,*

*v.*

· HAYS,
*Respondent.*

(WCB 84-08586; CA A42910)

759 P2d 327

Craig A. Staples, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Martin J. McKeown, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an order of the Workers' Compensation Board which reversed the referee's decision upholding employer's "backup denial." The issue is whether employer proved that claimant made a material misrepresentation that induced the initial acceptance of the claim. We conclude that it did and reverse.

Claimant began working for employer as a bartender in 1980. On October 12, 1983, she filed a workers' compensation claim, alleging that she had sustained an industrial injury about ten months earlier, in December, 1982. Employer accepted the claim on October 28, 1983. Beginning in December, 1983, claimant saw a variety of doctors regarding back and arm symptoms and other complaints. On July 24, 1984, employer issued a partial denial for certain of the symptoms and treatments, but said:

"Your neck, upper back and left shoulder injuries, only, remain accepted."

Claimant continued receiving medical treatments for ailments, including her neck, back and arm. On December 20, 1984, employer issued the "backup" denial that is at issue:

"Recently there was a decision adopted by the Supreme Court which held that a denial could be retracted after 60 days had elapsed, if there was a showing of 'fraud, misrepresentation or other illegal activity.' Therefore, we are respectfully denying any further workers' compensation benefits in relation to your alleged December 15, 1982 injury, for the following factual, legal and other reasons listed below:

" 'There was never any injury occurring to you on or about December 15, 1982, while in the employment of the Newport Elks.' "

Claimant requested a hearing on the denial. The factual issues litigated were whether the injury for which claimant sought benefits actually occurred and whether, if it did not, the claim itself was a misrepresentation that induced employer's acceptance and payment of benefits. The referee found that the injury did not in fact occur and that claimant had given misleading information to several of the physicians whom she had consulted regarding the cause of her symptoms. The Board, reversing the referee, concluded:

"Accepting the Referee's findings of fact, including his assessment of the credibility of the witnesses, we conclude that the insurer has not established by a preponderance of the evidence that its acceptance was *based* upon fraud, misrepresentation or other illegal activity. The inconsistencies relied upon by the insurer to make its case arose in large part after the acceptance and could not have formed a basis for acceptance." (Emphasis in original.)

The referee made explicit findings that claimant and the witnesses that she called regarding the occurrence of the injury were not credible. On *de novo* review of the record, we concur in the referee's findings. There is no need to detail the evidence or the findings of fact; suffice it to say that we also find that the injury did not happen.

■　It follows that claimant's statements on the claim form and to her doctors that she sustained an injury were, at the least, misrepresentations of fact. In *Ebbtide Enterprises v. Tucker*, 303 Or 459, 738 P2d 194 (1987), the court held that, in order to support a backup denial, the employer or insurer must show that there was fraud or misrepresentation and that the acceptance decision could reasonably have been affected if the true facts had been known. The employer is not required to show that it in fact would have denied the claim with the correct information.

The Board focused here on information contained in medical reports about examinations and treatments that occurred after employer's acceptance of the claim. That information, the Board concluded, came at a time and concerned events after the acceptance and therefore could not have misled the employer in making the decision. The misleading event or statement was the claim itself. The information which later came to light, in the form of inconsistent histories given by claimant to the various doctors, was one of the bases for establishing the initial misstatement that an industrial injury had occurred. It requires no elaboration to conclude that employer's acceptance could have been influenced by having the information that no industrial injury had occurred. Employer was entitled to issue the backup denial.

■　The next issue is whether the claim, now in denied status, is compensable. Claimant also made a claim for elective surgery to her lower back. Both of the claims are based on

the alleged injury which we have found did not occur; conse-
quently, neither is compensable.

Reversed; referee's order reinstated.