Argued and submitted September 8, 1989, affirmed January 17, 1990

In the Matter of the Compensation of
James A. Cooper, Claimant.

**EBI COMPANIES,**
*Petitioner,*

**COOS CURRY ROOFING,**
*Employer,*

*v.*

**COOPER,**
*Respondent.*

(WCB TP-87022; CA A50167)

785 P2d 380

Patric J. Doherty, Portland, argued the cause for petitioner. With him on the brief was Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

James C. Coffey, North Bend, argued the cause for respondent. With him on the brief was Stebbins & Coffey, North Bend.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

EBI seeks review of a Workers' Compensation Board order that held that claimant was entitled to rescind his election, made pursuant to ORS 656.591, to assign his third party action to EBI and that the proceeds of the third party settlement should be redistributed pursuant to ORS 656.593(1).[1] We affirm.

Claimant suffered a compensable injury in November, 1981. In June, 1982, he was involved in an off-the-job accident that caused increased pain and new symptoms. He pursued an aggravation claim and elected to assign his third party rights arising from the accident to EBI, pursuant to ORS 656.591.[2] EBI settled that action in April, 1986, and

---

[1] ORS 656.593(1) provides:

"(1) If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. The paying agency likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the paying agency shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the defendant of the lien of the paying agency, as provided in this section. The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

"(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under ORS 656.001 to 656.794. Such other costs include assessments for reserves in the Insurance and Finance Fund, but do not include any compensation which may become payable under ORS 656.273 or 656.278.

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board."

[2] ORS 656.591 provides:

"(1) An election made pursuant to ORS 656.578 not to proceed against the employer or third person operates as an assignment to the paying agency of the cause of action, if any, of the worker, the beneficiaries or legal representative of the deceased worker, against the employer or third person, and the paying agency may bring action against such employer or third person in the name of the injured

the proceeds were distributed pursuant to ORS 656.591(2). In the distribution, claimant received nothing.

In October, 1987, claimant petitioned the Board for a third party order pursuant to ORS 656.593 to redistribute the recovery in the third party action. Claimant contended that EBI had induced him to assign his claim by fraud or misrepresentation. The Board concluded that the assignment was invalid and ordered redistribution of the proceeds as if claimant had maintained his own third party action pursuant to ORS 656.593.

Although it is not raised by the parties, we decide as a threshold issue whether the Board had jurisdiction and the authority to order that claimant's election be rescinded and the proceeds be redistributed. This dispute involves "matters concerning a claim under ORS 656.001 to 656.794," because the worker's right to receive compensation is directly in issue. ORS 656.704(1), (3). The paying agency's right to distribution of third party recoveries is derived from its responsibility for compensation, and the amount distributed is determined in part by the amount of compensation paid. *See Schlect v. SAIF,* 60 Or App 449, 455, 653 P2d 1284 (1982). ORS 656.591 gives the Board jurisdiction over the parties and the subject matter of an election by a worker to assign his third party claim to a paying agency. The Board's authority to order rescission of an election fraudulently obtained flows from the exercise of that jurisdiction, because an election that was induced by fraud is, in fact, no election.

The Board stated:

"In *Ebbtide Enterprises v. Tucker,* 303 Or 459, 464[, 738 P2d 914] (1987), the Court held that, in order to support a recision of an earlier acceptance, the insurer must show that the decision to accept the claim 'could reasonably have been affected' if the true facts had been known. The insurer is not required to show that it in fact would have denied the claim

worker or other beneficiaries.

"(2) Any sum recovered by the paying agency in excess of the expenses incurred in making such recovery and the amount expended by the paying agency for compensation, first aid or other medical, surgical or hospital service, together with the present worth of the monthly payments of compensation to which such worker or other beneficiaries may be entitled under ORS 656.001 to 656.794, shall be paid such worker or other beneficiaries."

with the correct information. *Newport Elks Club v. Hays*[, 92 Or App 604, 607, 759 P2d 327, *rev den* 307 Or 245 (1988)].'

"Applying this standard to the third party matter before us, we conclude that claimant need only show that the election form was misleading and that his decision to assign his rights to the paying agency 'could reasonably have been affected' if the true facts had been known. Claimant need not prove that he was, in fact, misled into assigning his third party action to the paying agency. *See Newport Elks Club v. Hays, supra,* 92 Or App at 607.

"We find that the election form is misleading. Option 'A' and Option 'B', read together, strongly imply that in order to continue receiving benefits under his compensable claim, claimant had to elect Option 'B'. Both parties agree that this is not a correct statement of the law. *Moreover, it is readily apparent that claimant's election could have been influenced by the knowledge that he did not need to assign his third party action to the paying agency in order to continue to receive his workers' compensation benefits.*[3] We conclude that, absent a defense on the part of the paying agency, claimant is entitled to rescind his prior election." (Emphasis supplied.)

EBI does not argue that the Board applied the wrong legal standard when it held that the claimant must show that his election could reasonably have been affected by the misleading language in the notice. Rather, it argues that the Board erred in refusing to resolve an underlying credibility dispute between claimant and the claims representative and in basing its decision on the language of the election form, because claimant did not rely on it. It points to the fact that claimant called petitioner after receiving the election form notice. Petitioner's claims representative and claimant disagree about what the representative said in that conversation. Petitioner suggests that OAR 438-11-045(2), which provides that testimonial evidence in third party disputes shall be by "deposition, affidavit or written interrogatories," and ORS

---

[3] Although the emphasized wording is confusing, in the context of all of the Board's findings, we understand the sentence to say that, *if* claimant had known that he did not need to assign his claim in order to continue to receive benefits, his election might have been different.

656.593(3)[4] require the Board to resolve the credibility dispute as a matter of law.

■ ■     Nothing in ORS 656.593(3) or OAR 438-11-045(2) prohibits the Board from considering the conflicting testimony of the claimant and the claims representative to be in equipoise or from relying on the election notice language as the determinative factor. There is substantial evidence to support the Board's finding that the election notice could have affected claimant's election. Although claimant testified that, after receiving the election form, he called the claims representative and "asked what the letter meant," thereafter he signed the election form and returned it to petitioner. It is just as reasonable to infer that the conversation with the claims representative did not obviate the misleading language of the election form as it is to infer that it did. Therefore, the Board did not err.[5]

Affirmed.

---

[4] ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

[5] Petitioner's other arguments do not merit discussion.