Argued and submitted June 7, affirmed August 8, 2012

In the Matter of the Compensation of
Roark Schwanenberg, Deceased.

## LIBERTY MUTUAL INSURANCE COMPANY
and Carson Helicopters, Inc.,
*Petitioners,*

*v.*

Christine SCHWANENBERG,
individually and on behalf of dependent children,
as beneficiaries of Roark Schwanenberg, Deceased,
*Respondent.*

Workers' Compensation Board
1000012TP; A148541

286 P3d 905

Rebecca A. Watkins argued the cause for petitioners. With her on the briefs were Deborah L. Sather and Sather, Byerly & Holloway, LLP.

Glen S. Shearer argued the cause for respondent. With him on the briefs was Gregory A. Anderson.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Claimant Christine Schwanenberg is the surviving spouse of a deceased worker, Roark Schwanenberg, who died in a helicopter crash while working as a pilot for employer Carson Helicopters, Inc. Respondent Liberty Mutual Insurance Company is Carson's workers' compensation insurer and the paying agency on claimant's claim for workers' compensation benefits. Liberty seeks review of an order of the Workers' Compensation Board that invalidated claimant's assignment to Liberty of potential third-party claims. The board voided claimant's assignment of the third-party claims to Liberty for the reason that Liberty's written demand requiring claimant to elect whether to pursue the third-party claims "contained misrepresentations and omissions that, individually and collectively, render its written demand inadequate." In the alternative, the board held that, assuming that Liberty's written demand complied with the applicable statutes, claimant was allowed to rescind her election because misrepresentations by Liberty could reasonably have affected claimant's election. Because we agree with the board's alternative reasoning, we affirm.

The relevant statutory provisions are helpful context for understanding the facts and the board's order. ORS 656.154 provides that, if an "injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person." ORS 656.578 states the injured worker's or beneficiary's obligation to elect whether to sue third parties:

> "[I]f a worker receives a compensable injury due to the negligence or wrong of a third person (other than those exempt from liability under ORS 656.018), entitling the worker under ORS 656.154 to seek a remedy against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person."

ORS 656.583 authorizes a paying agency to require a worker or the worker's beneficiary to make the election permitted under ORS 656.578(1):

"The paying agency may require the worker or other beneficiaries or the legal representative of a deceased worker to exercise the right of election provided in ORS 656.578 by serving a written demand by registered or certified mail or by personal service upon such worker, beneficiaries or legal representative.

"(2)   Unless such election is made within 60 days from the receipt or service of such demand and unless, after making such election, an action against such third person is instituted within such time as is granted by the paying agency, the worker, beneficiaries or legal representative is deemed to have assigned the cause of action to the paying agency. The paying agency shall allow the worker, the beneficiaries or legal representative of the worker at least 90 days from the making of such election to institute such action. In any case where an insurer of a third person is also the insurer of the employer, notice of this fact must be given in writing by the insurer to the injured worker and to the Director of the Department of Consumer and Business Services within 10 days after the occurrence of any accident which may result in the assertion of the claim against the third person by the injured worker."

ORS 656.583 thus authorizes the paying agency to compel a worker to make an election whether to sue a third party for damages for the worker's injuries. If the paying agency sends a written demand to the worker pursuant to ORS 656.583 requesting an election, and the worker does not affirmatively elect within 60 days of service or receipt of the demand to pursue such a claim, then the claimant is deemed to have assigned all such claims to the paying agency. The 60-day period within which a claimant must make an election comes into play only when a paying agency makes a demand pursuant to ORS 656.583. ORS 656.583(2) provides that a failure to respond within 60 days to an election demand effects an assignment of the claims to the paying agency by operation of law. ORS 656.591(1) likewise provides:

"An election made pursuant to ORS 656.578 not to proceed against the employer or third person operates as an assignment to the paying agency of the cause of action, if any, of the worker, the beneficiaries or legal representative of the deceased worker, against the employer or third

person, and the paying agency may bring action against such employer or third person in the name of the injured worker or other beneficiaries."

If, however, a worker or beneficiary elects to pursue a third-party action, the worker must give written notice of the election by the procedures described in ORS 656.593(1):

"If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail."

In light of that statutory framework, we turn to the facts of this case. On August 5, 2008, the worker died in a helicopter crash while working for Carson. Liberty, as Carson's workers' compensation insurer and as the paying agency, paid death benefits to claimant, the worker's spouse. On October 7, 2008, Liberty sent claimant a letter advising her that the worker's death may have been caused by the negligence of a third party and asking her to make an election within 60 days whether to assign a possible negligence claim to Liberty.[1] Claimant received the letter on

---

[1] The letter stated in full:

"Our review of [the worker's] workers' compensation claim indicates that [the worker's] death might have been caused by the negligence of a third party, that is, someone other than [the worker's] employer or co-worker. Under Oregon law, you may be entitled to bring suit against that third party and recover civil damages. Alternatively, you may decide not to pursue that party yourself and assign your right to us. Either way, your entitlement to workers' compensation benefits will not be [a]ffected. **Please note: The Statute of Limitations for injuries occurring in the State of Oregon is two years from the date of injury.** This means you must either settle your third party claim or file a lawsuit to protect your rights on the personal injury claim, before the Statute of Limitations expires.

"At this time, you have a choice to make: you must decide whether to exercise your right to pursue a damage claim yourself, or assign your right to us. Please read the explanations under CHOICE A and CHOICE B, make your election, and sign and return this document to us within 60 days from the receipt of this letter. If you fail to respond in that time, your right to pursue the third party will automatically be assigned to us without further action on our part.

"If you have any questions regarding this letter please contact us * * * or seek advice from your attorney.

"ELECT EITHER CHOICE A OR CHOICE B:

"CHOICE A: If you choose to seek damages from the third party yourself, choose Choice A. You may want to retain an attorney to help you, or you may deal directly with the third party or [its] insurer. Please note that Liberty has a LIEN against any recovery you make. Because Liberty has a lien, any

October 14, 2008. The letter explained that claimant might be entitled to bring suit against the third party or that, in the alternative, she could assign that right to Liberty. The letter told claimant that, within 60 days of receipt of the letter, she had to decide whether to exercise her right to pursue the damage claim or assign that right to Liberty, and that she had to signify that choice by electing either (1) Choice A, in which she retained the right to pursue a lawsuit or (2) Choice B, in which she assigned the right to the paying agency. The letter did not disclose that one potentially liable third party, Columbia Helicopters, the manufacturer of the helicopter that claimant's husband was piloting, was Liberty's insured.

The sixtieth day from claimant's receipt of Liberty's letter was December 14, 2008. On December 10, 2008, Liberty filed a lawsuit in federal court on claimant's behalf against multiple defendants, including Columbia. Liberty thereafter moved to dismiss Columbia from the action, and the motion was granted on April 1, 2009.

In the meantime, claimant had hired an attorney, who notified Liberty in March 2009 that Liberty was not authorized to proceed against third parties on claimant's behalf. On July 14, 2009, claimant filed a motion to intervene in the federal action, which the court granted. However, the court denied claimant's motion to join Columbia. In October 2009, claimant filed a motion to dismiss Liberty as a party plaintiff, which the court denied.

In February 2010, claimant filed a lawsuit in state court, naming several defendants, including Columbia.

---

settlement you enter into is VOID without Liberty's prior approval. Generally, one third of any recovery will go toward attorney fees and costs, one third of the remaining balance will go to you, and the rest will go to Liberty until its lien is paid. Anything remaining will go to you.

"CHOICE B: If you choose not to seek damages from the third party, choose Choice B. By doing so, you will assign to us any right you have to pursue the third party. We may pursue the third party in your name, or may choose not to. If we do pursue the third party, be aware that you may not receive any recovery even if we recover.

"I HEREBY ELECT: (CIRCLE ONE)

"CHOICE A or CHOICE B"

(Boldface, uppercase, and underscoring in original.)

Claimant reached a proposed settlement of a wrongful death claim with one defendant, the United States Forest Service, and Liberty approved the settlement. In this administrative proceeding, claimant sought to have the board approve the settlement and also to have the board declare claimant's assignment of third-party claims to Liberty void, on the ground that Liberty had not made written demand sufficient to satisfy the requirements of ORS 656.583.

The board agreed with claimant's contention that Liberty's letter—its written demand—was defective and void for multiple reasons.[2] In light of that conclusion, the

---

[2] The board explained:

"As set forth above, ORS 656.583(2) requires that a claimant be granted 60 days from receipt of a written demand to make an election. However, in violation of the statute and the express representations contained in its letter, the paying agency filed a lawsuit on claimant's behalf before the statutory 60-day period had expired. In other words, despite the assertion in the October 7, 2008 written demand that claimant had 60 days before her cause of action would be assigned to the paying agency, the paying agency allotted claimant only 56 days before deeming her cause of action to be assigned.

"Consequently, we find that the paying agency's misrepresentation in its written demand, as reflected by its subsequent conduct, renders its written demand null and void. As such, the paying agency has not served a valid demand to claimant as required by ORS 656.583. *See Carver*, 57 Van Natta at 1191-92. Necessarily, claimant has not been provided the necessary 60 days before her cause of action may permissibly be assigned to the paying agency. *See* ORS 656.587(2).

"Moreover, the election letter never explicitly stated a time period in which claimant was required to institute a cause of action should she elect to pursue a cause of action herself or stated that, if she did not comply with that time period, the cause of action would be assigned to the paying agency. ORS 656.583(1) requires that a beneficiary be given 'at least' 90 days in which to institute the cause of action. The only time frame mentioned in the election was a reference to the two-year statute of limitations. One might infer that was the time period granted by the paying agency, but the letter was not sufficiently clear. Finally, even if the 'statute of limitations' reference was considered the time period, nothing was mentioned in the letter regarding an assignment to the paying agency if claimant did not file a lawsuit within that period. *See* ORS 656.583(2). Thus, we find that this omission did not provide claimant adequate notice of her rights concerning a third-party action.

"Lastly, the election letter did not inform claimant that the paying agency also insured a third party. Given the transparent potential conflict, such information should have been provided to claimant in the written demand. *See also* ORS 656.583(2). Therefore, we find that this misrepresentation-by-omission also renders the October 7, 2008 written demand inadequate and invalid.

"For the aforementioned reasons, we find that the paying agency never provided claimant with a sufficient and valid written demand as required by ORS 656.583. Consequently, we invalidate the alleged assignment to the

board reasoned that claimant's failure to respond to Liberty's demand did not result in an election to assign plaintiff's third-party claims to Liberty.[3] In particular, the board noted that the demand did not state a time period—other than the statutory limitation period—within which claimant was required to institute an action, should she elect to pursue a third-party claim, or that a failure to institute an action within that period would result in an assignment of her claim to Liberty. The board further determined that Liberty's written demand made two misrepresentations: (1) The demand told claimant that she had 60 days within which to make her election, when in fact Liberty filed its action on the fifty-sixth day after claimant's receipt of the demand; and (2) the demand failed to advise claimant that Liberty insured Columbia, a potentially liable third party. The board concluded that the aforementioned defects rendered the demand null and void.[4]

In the alternative, in the event that Liberty's written demand satisfied the requirements of ORS 656.583, the board concluded that the misleading and incomplete nature of the demand allowed claimant to rescind her election. Relying on its order in *James A. Cooper*, 40 Van Natta 1201, 1205-06 (1988), and our opinion affirming the board's order in that case, *EBI Companies v. Cooper*, 100 Or App 246, 785 P2d 380 (1990), the board explained that a claimant is entitled to rescind an election if an insurer has provided information that is misleading and that could reasonably have affected the claimant's election decision. The board concluded that claimant's decision to take no action in response to the demand could reasonably have been influenced by: Liberty's misrepresentation that

---

paying agency based on claimant's purported failure to respond to a properly-issued written demand."

(Footnotes and record citations omitted.)

[3] There are two versions of the facts regarding claimant's actions upon receiving Liberty's written demand: Claimant first averred that she did not respond to Liberty's written demand. She subsequently averred that she elected Choice A, because she wished to retain her right to sue third parties. Because of the rationale for its holding, the board did not resolve that factual issue.

[4] Because the record did not disclose whether the wrongful death beneficiaries included both workers' compensation and nonworkers' compensation claimants, the board concluded that it was premature to approve a distribution of third-party settlement proceeds.

claimant would have 60 days to make her decision, when, in fact, it gave her only 56 days; its failure to advise claimant that she was statutorily entitled to have at least 90 days to institute an action after she made an election to do so; its failure to advise her of the time period she would have beyond 90 days within which to institute an action; and its failure to advise her, as required by ORS 656.583(2), that Liberty insured one of the potentially liable third parties and that it would seek to dismiss that third party from any claim Liberty might file on claimant's behalf.[5]

One board member dissented, rejecting the majority's reasoning in its entirety. The dissenting board member concluded that Liberty's demand had complied with the requirements of ORS 656.583 and that, by operation of law, claimant had assigned her third-party claims to Liberty. The dissenting board member rejected the majority's alternate rationale that claimant could rescind her assignment as well, reasoning that, unlike in *Cooper*, Liberty's demand was not misleading and, further, that there was no evidence that Liberty's conduct had actually affected claimant's assignment decision.

Liberty now seeks judicial review, contending that its written demand complied with statutory requirements, that claimant failed to make an election within the 60 days prescribed by statute, and that claimant's failure to make an election effected an assignment of claimant's third-party claims to Liberty. Liberty further contends that the board erred in concluding that claimant was entitled to rescind her assignment as the result of misrepresentations by Liberty.

Because we conclude that it is dispositive and requires us to affirm the board's order, we write to address only whether the board was correct that, assuming that Liberty's letter otherwise satisfied the requirements of ORS 656.583, Liberty's failure to advise claimant that Columbia was its insured allowed claimant to rescind her assignment of her third-party claims. Initially, we reject Liberty's assertion that, because neither party raised the notice issue before

---

[5] The board noted that it had "not been provided with evidence that [Liberty] had complied with" the requirement of ORS 656.583(2) to provide notice that it insured Columbia.

the board, the board abused its discretion in considering the issue. Liberty is correct that neither of the parties addressed that issue to the board. However, the board, in its *de novo* review, was free to consider facts in the record in support of its legal analysis—even facts not highlighted by a party. *See Fred Meyer Stores v. Godfrey*, 218 Or App 496, 501-02, 180 P3d 98 (2008) (the board has plenary authority to create and enforce rules for preservation of issues for its review, including rules regarding the circumstances that will suffice to preserve an issue); *Christman v. SAIF*, 181 Or App 191, 195, 45 P3d 946 (2002) (board has broad discretion to consider arguments raised for the first time on appeal). There is no dispute that the record shows that Liberty was Columbia's insurer and that the record does not reflect that Liberty notified claimant of that fact.

Liberty complains that, because it was not aware that the board would rely on those facts as a basis to uphold claimant's rescission of the election, it was not afforded an adequate opportunity to respond to the assertion. However, nothing prevented Liberty from seeking to supplement the record with evidence in support of its position on the rescission issue, that is, showing that it *had* provided the required notice to claimant.

The board explained that, in order to rescind an assignment of rights to the paying agency, the claimant "need only show that information provided by the paying agency was misleading and that a decision to assign rights to the paying agency could reasonably have been affected if the true facts had been known." Liberty does not contend on judicial review that an assignment by operation of law under ORS 656.583 is irrevocable or that a different standard should govern the rescission of such an assignment. In fact, Liberty concedes that "the board has authority to determine if a statutorily valid election demand should nonetheless be deemed invalid when misleading in a manner that could reasonably have had an [effect] on the claimant's election." Liberty argues only that the requirement in ORS 656.583(2) that the insurer provide notice to a claimant that it insures a potentially liable third party is not a part of the requirement for a written demand for an election; thus, the fact that the letter itself did not include the notice should

have no bearing on whether claimant should be allowed to rescind her assignment.

It is undisputed that ORS 656.583(2) requires that,

"[i]n any case where an insurer of a third person is also the insurer of the employer, notice of this fact must be given in writing by the insurer to the injured worker and to the Director of the Department of Consumer and Business Services within 10 days after the occurrence of any accident which may result in the assertion of the claim against the third person by the injured worker."

The requirement that an insurer notify a claimant of its relationship with a potentially responsible third party is no doubt grounded in the assumption that, when a claimant makes an election to assign a third-party claim to the insurer under ORS 656.583(1), the claimant should be aware of the insurer's potential conflict of interest in pursuing a third-party claim on the claimant's behalf.

It may be that Liberty is correct that ORS 656.583 does not require that the notice that the paying agent insures a potential third party be included in the written demand for an election. However, because of the requirement that the notice be given "within 10 days after the occurrence of any accident," the statute presupposes that, by the time an insurer requires a claimant to make an election under ORS 656.583(1), the claimant will have been informed of the insurer's potential conflict of interest. We agree with the board that Liberty's failure to notify claimant, either through the written demand or by some other means, that it was also the insurer for one of the potentially liable third parties was a material omission that could reasonably have affected claimant's decision to elect to assign her third-party claim to Liberty. *See Cooper*, 100 Or App at 250. We accordingly affirm the board's order allowing claimant to rescind her election.[6]

Affirmed.

---

[6] In light of our disposition, we do not address claimant's contentions that ORS 656.583 requires an affirmative written election in order for a beneficiary to assign a claim or that the demand required by ORS 656.583 must be served on the personal representative of a deceased worker's estate.